## WHEILES v. ÆTNA LIFE INS. CO.
### No. 6999.

Circuit Court of Appeals, Fifth Circuit.
Dec. 19, 1933.

Rehearing Denied Jan. 13, 1934.

John Q. Humphrey and C. J. Brannan, both of Wichita Falls, Tex., and A. E. Zellers, of Weatherford, Tex., for appellant.

Luther Hoffman and Arch Dawson, both of Wichita Falls, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge (after stating the facts).

There is no question here of a mutual mistake. Appellant in his answer adheres to his original position that at the time of trial all past due premiums on his additional insurance had been paid by his employer and deducted from his wages, and that such insurance was in full force and effect. Appel-

lee was put upon full notice of this position by appellant's petition. The defense which it now makes against the judgment was available to it at all times after the suit at law was brought against it. Appellant did nothing to prevent it from making a full and complete defense. It was to be expected that appellant would testify as he did that he had kept the insurance alive by paying premiums upon it. In order to set the judgment aside, the burden was on appellee to show that it had a good defense which it was prevented from presenting by fraud, accident, or mistake, unmixed with negligence of itself or its agents. United States v. Throckmorton, 98 U. S. 61, 65 et seq., 25 L. Ed. 93; Greenameyer v. Coate, 212 U. S. 434, 444, 29 S. Ct. 345, 53 L. Ed. 587; Pickford v. Talbott, 225 U. S. 651, 658, 32 S. Ct. 687, 56 L. Ed. 1240; Toledo Co. v. Computing Co., 261 U. S. 399, 421, 43 S. Ct. 458, 67 L. Ed. 719. See, also, Town of Boynton v. White Construction Co. (C. C. A.) 64 F.(2d) 190. In our opinion the bill to set aside the judgment cannot be maintained because of the negligence and lack of diligence of appellee and its attorney. Under the facts here presented any negligence of appellee's attorney was equivalent to its own negligence. Drinkard v. Ingram, 21 Tex. 650, 73 Am. Dec. 250; 2 R. C. L. 965. In preparing its defense the most casual inspection of its files and records would have disclosed that the additional insurance had lapsed for nonpayment of premiums. Instead of making such inspection, appellee assumed that the only purpose of the suit against it was to collect the bonus insurance. Its attorney knew from the beginning that appellant was also suing to collect upon the two certificates of additional insurance. There was too much assumption made, too little diligence shown, by both appellee and its attorney in ascertaining the nature of the suit; and this attitude on the part of each continued throughout. After the exchange of telegrams during the trial, it ought to have been apparent to the attorney that the additional insurance had been canceled and to appellee that more was claimed than the amount evidenced by the bonus insurance; and so both of them must have known that recovery was sought for more than could possibly be due. Assuming that this knowledge came too late to be made use of at the trial, there was no excuse for not ascertaining immediately after the trial, and submitting to the court in a motion for new trial, the true state of facts. Instead of telegraphing, the attorney waited several days and then advised the insurance company by letter of the result of the trial, and the insurance company replied also by letter which did not reach the attorney until after the court had adjourned for the term. Information confirmatory of appellee's records was not obtained from the Humble Company until after the adjournment of court, notwithstanding the fact that the court remained in session for twelve days after the trial. Under the circumstances, it cannot be said that due diligence was shown in defending the suit at law or in attempting to have the erroneous judgment set aside.

Because of negligence and lack of diligence on the part of appellee and its attorney, the decree is reversed and the cause remanded with directions to dismiss the bill of complaint.