## GOOSTREE v. UNITED STATES.
### No. 6895.

Circuit Court of Appeals, Seventh Circuit. March 4, 1940.

Rehearing Denied March 29, 1940.

Stephen A. Cross, of Chicago, Ill., for appellant.

Julius C. Martin, Wilbur C. Pickett, and Thomas E. Walsh, all of Washington, D. C., Arthur Roe, of Vandalia, Ill., Carl W. Feickert, of East St. Louis, Ill., and Wm. M. Lytle, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

---

[2] Acts, 1911, p. 145, § 40-1107, Burns' 1933.

SPARKS, Circuit Judge.

This is an action on a policy of war risk insurance brought by the administratrix individually and as the beneficiary of a deceased soldier. The cause was tried to the court without a jury, and the court held that the deceased soldier was not totally and permanently disabled at any time until immediately preceding his final illness; that he was totally disabled at intervals but such periods obviously were only temporary in character; and that he did not become totally and permanently disabled until shortly before his death. Upon these findings the court rendered judgment for the Government, and from this judgment the plaintiff appeals.

Decedent died on November 30, 1923. It is uncontroverted that no premiums on the contract of insurance sued upon were paid after June, 1919; that a claim for insurance benefits was first filed on June 27, 1931; that the claim was denied by the Veterans' Administration on August 25, 1932; and that a letter of notification advising claimant of the denial was mailed by the Veterans' Administration to her last address of record on August 29, 1932. It is further admitted that this action was filed September 5, 1932. On November 12, 1935, the Government filed its motion to dismiss the suit for lack of jurisdiction, based on the ground that the action was barred under the Statute of Limitations applicable to suits of this character. 38 U.S.C.A. § 445. On December 12, 1935, the District Court sustained that motion and dismissed the action.

On October 19, 1936, the parties stipulated in court, "that the order heretofore entered in this cause dismissing this case for want of jurisdiction may be vacated and set aside and said cause reinstated for trial upon its merits." The court approved the stipulation, vacated the order of dismissal and tried the case with the result hereinbefore mentioned.

■■ We are first met with the Government's contention that this court is without jurisdiction for the reason that the Act of June 29, 1936, 38 U.S.C.A. § 445d, expressly provides for reinstatement within ninety days after its passage, and the stipulation and order in the instant case were not entered within that period. This in effect seeks to do away with the stipulation and the reinstatement of the cause. This contention is based on the ground that the Government's attorneys had no right to stipulate, and that lack of jurisdiction in the first instance could not be cured by agreement of the parties. We are not convinced that there was a lack of jurisdiction in the first instance, and the briefs submitted have not been helpful in the solution of that problem. It is quite true that parties are bound by the orders of the court unless they are appealed from or otherwise abrogated. However, we know of nothing to prevent the parties, with the approval of the court, from entering into a stipulation to set aside a former order even though it be beyond the time allowed for appeal. It is fair to presume that the Government, at the time of the stipulation, thought that the order of dismissal was erroneous and should be set aside, and when this was done it left the parties in the same position they were in before the motion to dismiss was passed upon, and under these circumstances we think the court had jurisdiction.

■■ A reading of this record convinces us that the court's findings in every respect were supported by substantial evidence. The appellant contends, however, that the court erred in not finding specifically the exact day on which decedent became totally and permanently disabled. This was not necessary. The court found that he was not totally and permanently disabled at any time until immediately preceding his death, and held that there was no liability. This finding must be construed to mean that there was no total and permanent disability at the time the policy lapsed, and the burden was upon appellant to prove the contrary. That she did not meet this burden is clear, and we cannot disturb the finding.

Judgment affirmed.