### CITIZENS BANK OF ASHVILLE v. CAMERON & CO. et al.

No. 3468.

District Court, S. D. Ohio, E. D.

Oct. 7, 1941.

James I. Boulger, of Columbus, Ohio, for plaintiff Ashville Bank.

Leslie R. Ulrich and Francis J. Amer (of Garfield, Cross, Daoust, Baldwin & Vrooman), both of Cleveland, Ohio, and Hugh M. Bennett, of Columbus, Ohio, for defendant Cameron & Co. and another.

UNDERWOOD, District Judge.

This is an action by the Citizens Bank of Ashville to recover against Cameron and Company for fraud in the sale of securities under the Ohio Securities Act, and against the National Surety Corporation, surety on the bond of Cameron & Company, on the bond of the latter filed in accordance with section 8624-20 of the Ohio General Code.

The action was begun in the Common Pleas Court of Franklin County, Ohio, and National Surety Corporation, a citizen of New York State, had the cause removed to this Court. Since the commencement of this action, Cameron and Company has been adjudged a bankrupt, and the only pleading or motion made by Cameron and Company, in this case, is the answer filed by its trustee in reorganization. The National City Bank of New York was made a third-party defendant by the National Surety Corporation but the complaint against the third-party defendant has been dismissed. A jury having been waived by the parties, the case is before the Court for determination upon the pleadings, stipulation of the parties, and the evidence.

Cameron and Company is an Illinois Corporation, with offices in New York, and is engaged in the sale of investment securities. It procured a license to sell securities in the state of Ohio under the Ohio Securities Act, section 8624-1 et seq., Ohio General Code, and in accordance with section 8624-20 of said Act made a bond in the sum of $10,000, payable to the state for the benefit of persons defrauded by the maker in the sale of securities. The National Surety Corporation is surety on the bond, and its liability arises on the non-payment by the defendant, Cameron and Company, of all judgments rendered against it wherein it is found that a purchaser has been defrauded in the sale of securities by said Cameron and Company.

Prior to the acts giving rise to this cause, Cameron and Company had done business with the Ashville Bank whereby the former engaged to improve the investment portfolio of the latter by recommending that certain securities held by the Bank be exchanged for other securities which Cameron and Company selected. When an exchange was agreed upon, the Ashville Bank would send to its agent in New York, the National City Bank, the first group of securities with instructions to deliver them to Cameron and Company when it delivered to the National City Bank the second group of securities.

Such a transaction was initiated in November, 1933; the first group of bonds were shipped to the National City Bank with instructions to deliver them to Cameron and Company "against other bonds." On November 29, 1933, certain responsible officials of Cameron and Company, in a telephone conversation with the cashier of the Ashville Bank, urged that the instructions to the National City Bank be changed so as to permit Cameron and Company to obtain the securities on a trust receipt. When asked what effect the trust receipt would have on the security position of the bank, Cameron and Company assured the plaintiff that the protection afforded was the same as under the other arrangement, or equal to it. In reliance upon these representations, the instructions to the National City Bank were changed to conform to the wishes of Cameron and Company. It acquired possession of the securities by giving a trust receipt, and the transaction was thereafter completed to the satisfaction of both parties.

The plaintiff bank did not know the effect of a trust receipt, but relied on the representations of Cameron and Company. It believed that the latter could get the securities from the National City Bank only by depositing with that bank the other bonds to be exchanged, or by leaving other security. This belief was strengthened by

the agent of Cameron and Company, H. R. Wilson, who, when asked by the cashier of the Ashville Bank what was the effect of the trust receipt, reiterated the statements previously made by the officials of Cameron and Company that the bank was amply protected.

On June 20, 1934, the Ashville Bank sent bonds of the face value of $20,000 to the National City Bank, to be delivered to Cameron and Company against a trust receipt, for which Cameron and Company was to exchange other bonds of face value of $20,000. Cameron and Company got possession of these bonds by giving a trust receipt, sent the Ashville Bank confirmation of the "sale," and, from time to time, thereafter informed the bank of the purchase for its account of the other securities, until July 13, 1934, when the bank was notified that the purchases on its behalf were "completed." The plaintiff bank, however, has neither received the bonds in exchange nor compensation for the bonds of the bank which Cameron and Company acquired.

Claiming that it has been defrauded of its property, the bank brought this action under the Ohio Securities Act to recover, and joined the National Surety Corporation as surety on the bond.

■ The National Surety Corporation contends that inasmuch as the bond is conditioned on the payment of judgments, it can not be made a party to the suit until a judgment is first separately had against Cameron and Company. It is conceded that if a judgment is rendered against Cameron and Company for fraud under the act, the National Surety Corporation is bound to pay under the bond, Rule 20 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c permits the Court to join parties where "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." There is but one set of facts involved in the instant case, and, to avoid multiplicity of suits, the Court has seen fit to permit a joinder of the parties.

■ Sections 8624-4 and 8624-17 of the Ohio General Code permit a dealer to sell securities to banks without first procuring a license and making bond. It is argued by the National Surety Corporation that the plaintiff, being a bank, is not protected by the bond inasmuch as the sale might have been made to it without the bond. This point was decided adversely by the Ohio Court of Appeals in Ross v. Couden, 22 Ohio App. 330, 154 N.E. 527, where the Court held that when a dealer secures a license by filing a bond, he goes to the public with a favored position, and he cannot afterward deny to purchasers the protection afforded by the bond because the sale might have been made without the bond. The same point is involved in this case that was decided in that one, i. e., what persons are protected by the bond, and, while the cases are not identical, they are so parallel that the Court feels that it is bound by the Ohio decision.

■ The chief contention of the National Surety Corporation is that this is an action for common law fraud, and, in order for the plaintiff bank to recover, it must show all the elements of that action. However, this is an action for fraud under the Ohio Securities Act. What constitutes fraud under that Act has been stated by the Ohio Court of Appeals in Indemnity Insurance Co. of North America v. Kircher, 47 Ohio App. 140, 191 N.E. 374. This Court is not free to make its own interpretation of the Act when a state court has already interpreted it; this Court is bound by the decision in the Kircher case. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; West et al. v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956.

■ In Indemnity Insurance Co. of North America v. Kircher, supra, certain securities were delivered by Kircher to the local agent of Knapp and Co. to be exchanged for other securities. They were forwarded to the West Virginia office of the company where they were converted by Knapp and Co. In allowing recovery against the surety on the bond on the ground of fraud, the Court at page 143 of 47 Ohio App., at page 375 of 191 N.E., said: "We accordingly do not adopt the view that liability is limited to a case where false representations have been made, but hold that liability also arises in case a purchaser is in any other way defrauded by the broker in the sale of securities. That the plaintiff in this case was defrauded, under any definition of fraud, can hardly be disputed. All of his property was appropriated by the broker-

age company to its own use." It is not denied that Cameron and Company did appropriate the bonds of the plaintiff bank; such wrongful conversion is fraud under the Ohio Securities Act as interpreted by the courts of Ohio.

A further contention is made by the defendants, that inasmuch as the transfer of the bonds occurred in the state of New York, the Ohio Act is not binding, it having no extraterritorial effect. As pointed out in the Kircher case, the purpose of the bond is to protect Ohio investors and it matters not where the final transfer is made.

The plaintiff Ashville Bank may recover against the defendant, Cameron and Company, the sum of $13,405.64, the market value of the bonds at the time of their wrongful appropriation, with interest at the rate of 6% from June 22, 1934; and against the defendant, National Surety Corporation, on the bond, in the sum of $10,000 with interest at 6% from the date of this judgment.

Entry accordingly.