**MINNEAPOLIS BREWING COMPANY,**
a corporation, Plaintiff,

v.

**E. B. MERRITT and E. B. Merritt, Inc.,**
a corporation, Defendants.

Civ. No. 2980.

United States District Court
D. North Dakota,
Northwestern Division.

July 2, 1956.

Dean Winkjer, Williston, N. D., Faegre & Benson, Minneapolis, Minn., for plaintiff.

Burk & O'Connell, Williston, N. D., for defendants.

RONALD N. DAVIES, District Judge.

In this action plaintiff seeks to recover $8,899.52 from E. B. Merritt, Inc., of Williston, North Dakota, for goods sold and delivered from December 31, 1951, to February 27, 1953, and to recover $5,000 from E. B. Merritt personally on a continuing guaranty made January 28, 1948, to secure credit for E. B. Merritt, Inc., of Garrison, North Dakota.

Through the negligence of the attorney for both defendants, default occurred and judgment was entered July 28, 1954. On July 20, 1955, the defendants filed a Motion to Vacate Judgment on the ground of excusable neglect and also filed answers. The separate answer of E. B. Merritt makes a qualified general denial and admits execution of the guaranty, but contends in Paragraph 4 that it was made only to secure credit from the plaintiff for the new business at Garri-

son, not for the established business at Williston.

The separate answer and counterclaim of E. B. Merritt, Inc., admits the obligation of its Williston business in the full sum of $8,899.52 but asserts a counterclaim of $7,180 for losses in connection with the Garrison business. The basis of the counterclaim is that in July, 1946, the plaintiff through general sales manager A. R. Roberts allegedly induced the defendant, its Williston distributor, to construct a wholesale distributing warehouse at Garrison on the representation that, if defendant so desired, plaintiff would find someone to buy out this business for the original investment; but that in November, 1949, plaintiff refused to assist defendant in selling and instead cancelled the Garrison franchise.

On June 16, 1956, the plaintiff filed a Motion to Strike Paragraph 4 of E. B. Merritt's answer on the ground that it fails to state a defense to plaintiff's claim, and a Motion to Dismiss the counterclaim of E. B. Merritt, Inc., on the ground that it fails to set forth a claim against the plaintiff upon which relief can be granted. On June 20, 1956, the parties filed a stipulation agreeing that the Court could consider these motions in connection with the Motion to Vacate Judgment and further agreeing that the late filing of answers by the defendants' attorney was the result of excusable neglect. Supporting affidavits filed in behalf of the defendants assert facts sufficient to make the neglect excusable.

The three questions presented are:

(1) Whether a default judgment should be vacated on motion based upon adequate supporting fact statements, where the parties stipulate that the default has occurred through excusable neglect of the defendants' attorney.

(2) Whether the contention in an answer that a guaranty was executed to cover just one branch of a corporate business and not the branch indebted should be stricken on motion, where the truth or falsity of the contention is not apparent on the face of the record.

(3) Whether a counterclaim to a contract action, based upon a theory of loss through misrepresentation, should on motion be dismissed for failure to state a claim.

1. *Motion to Vacate.* Rule 55(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside *in accordance with* Rule 60(b)." The applicable portions of Rule 60(b) provide: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; \* \* \* or (6) any other reason justifying relief from the operation of the judgment."

█ Mistake justifying vacation of the judgment is clear on the face of the record. The complaint on the guaranty is inadequate because it simply alleges execution of the instrument without any claim of default and other conditions precedent entitling plaintiff to recover. Feldman v. Arnold, 1924, 158 Minn. 243, 197 N.W. 219. It was a mistake to found the judgment on such a complaint, and the unqualified judgment against both defendants was improper. It may be conceded that joinder of the principal obligor and the guarantor as defendants in the same action was permissible under Rule 20(a) (second sentence). Citizens Bank of Ashville v. Cameron & Co., D.C. Ohio 1941, 40 F.Supp. 1002, affirmed, National Surety Corporation v. Citizens Bank of Ashville, 6 Cir., 1943, 134 F.2d 888. The guaranty involves all three parties in a relationship as to one obligation: plaintiff as creditor entitled to one performance of the obligation, defendant corporation as principal obligor, and the personal defendant as guarantor bound on default of the principal. Restatement, Security (1941), Sec. 82, pp. 228–239. The defendants, if liability on the guaranty were established, would be severally liable on the same obligation.

The real claim of plaintiff is only $8,899.52 for the admitted obligation of the defendant corporation for goods sold and delivered; and the guaranty up to $5,000 would be operative, if applicable, as a secondary or collateral obligation. Peterson v. Miller Rubber Co. of New York, 8 Cir., 1928, 24 F.2d 59. The contract claim and the guaranty claim are not cumulative but alternative claims, and the plaintiff would be entitled to but one satisfaction. Lewis v. Southern Mills, D.C.N.C.1944, 53 F.Supp. 443, 451. The judgment could have provided for this situation by directing execution against defendant corporation and exhaustion of such remedy, as a prerequisite to execution against the personal defendant. Furst v. Buss, 1919, 104 Kan. 245, 178 P. 411. The entry of a default failing thus to protect the guarantor's interest, and in effect allowing double recovery, is such a mistake as will justify vacation of the judgment.

█ Another ground for setting the judgment aside is excusable neglect. In affidavits supporting the Motion to Vacate Judgment it is asserted that the defendants promptly after service delivered copies of the summons and complaint to their attorney, and that default occurred as the result of confusion in that attorney's taking over the practice of the plaintiff's former resident attorney.

█ The parties have stipulated that this constitutes excusable neglect, and perhaps the stipulation alone would be sufficient basis for setting aside the default. Goostree v. United States, 7 Cir., 1940, 110 F.2d 444 (stipulation to set aside order of dismissal). This Court believes it better to regard the stipulation as an admission by plaintiff that the facts asserted by affidavit are true and as an acquiescence in, or waiver of opposition to the entry of an order vacating the judgment if the Court finds that these facts support such action. A stipulation, being a formal agreement conceding or admitting matters incident to judicial proceedings, is to be en-

couraged as a means of simplifying issues and avoiding unnecessary proof. See 28 U.S.C.A., Fed.R.Civ.Proc. Rule 16. A stipulation of material facts is ordinarily proper, but parties cannot bind the Court by stipulation as to the law. Estate of Sanford v. Commissioner, 1939, 308 U.S. 39, 60 S.Ct. 51, 84 L. Ed. 20; Pettibone v. Cook County, Minnesota, 8 Cir., 1941, 120 F.2d 850. Nor can they do so by stipulation as to the legal effect of admitted facts. Macklin v. Kaiser Co., D.C.Or.1946, 69 F.Supp. 137. Therefore, although the Court may follow it, the mere stipulation that there was excusable neglect on the part of the defendants' attorney would not be binding.

■ As a general rule the neglect of an attorney in professional matters is imputed to the client. Wheiles v. Aetna Life Ins. Co., 5 Cir., 1933, 68 F. 2d 99; Restatement, Agency (1933), Sec. 252, pp. 562–563. While it may seem harsh and unjust to allow litigation to be lost by a diligent client due to the negligence of his attorney, the client, of course, would have a claim against the attorney. Maryland Casualty Co. v. Price, 4 Cir., 1916, 231 F. 397. Negligence by an attorney is not to be condoned because the standards of the profession and the orderly administration of justice would be subverted if rules for the conduct of litigation could be carelessly overlooked with impunity. To take a liberal view of such negligence would be detrimental to the profession and to the courts. But in the instant case the negligence of the defendants' attorney may properly be regarded as excusable.[1] Any doubts the Court may have will fairly be resolved in favor of the motion inasmuch as defendants' answers present substantial issues which can be tried on the merits without unreasonable prejudice to the plaintiff. Citizens' Nat.

Bank v. Branden, 1910, 19 N.D. 489, 126 N.W. 102, 27 L.R.A.,N.S., 858. Having the element of mistake in addition to excusable neglect, there is good and sufficient cause for setting aside the default judgment and allowing the defendants' answers.

2. *Motion to Strike.* The plaintiff has moved to strike Paragraph 4 of defendant E. B. Merritt's separate answer, pursuant to Rule 12(f) which authorizes the striking from a pleading of "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff has relied upon the first ground, arguing that Paragraph 4 does not present a sufficient defense.

■ However, the assertion of Paragraph 4 that the guaranty was applicable only to the Garrison business and not the Williston business appears to state a valid defense. In some respects at least, plaintiff treated the two businesses as separate operations; it clearly did so when cancelling the franchise of the Garrison branch of the corporation and continuing to deal with the Williston branch. Under these circumstances it would be a good defense that the parties understood the guaranty covered only the Garrison branch and did not cover the subject of plaintiff's claim. Heenan v. Davis, 1938, 182 Okl. 237, 77 P.2d 78.

3. *Motion to Dismiss.* The plaintiff has also moved to dismiss the counterclaim of defendant E. B. Merritt, Inc., pursuant to Rule 12(b) (6), on the ground that it fails to state a claim against plaintiff upon which relief can be granted.

■ The counterclaim alleges that the plaintiff through its general sales manager, for the purpose of inducing the defendant to construct a wholesale distributing warehouse at Garrison,

1. See Barber v. Turberville, 1954, 94 U.S. App.D.C. 335, 218 F.2d 34 (neglect of counsel to file answer because of negotiations for settlement held excusable); United States, for Use of Kantor Bros., Inc., v. Mutual Const. Corporation, D.C. Pa.1943, 3 F.R.D. 227 (neglect excusable where counsel engaged full time in other pressing litigation).

made a representation that if defendant desired at any time to sell out the Garrison business, plaintiff would secure a buyer at the price of the defendant's investment; and defendant in reliance thereon constructed the warehouse at a cost of $7,180.00, but was damaged to that extent as a result of the plaintiff's failure to perform its promise, by frustrating attempts to sell out the business. Considered independently of plaintiff's complaint, the counterclaim clearly states a claim based upon the theory of misrepresentation.[2] But considered in connection with the complaint, a problem is presented as to whether the misrepresentation counterclaim can be set out in this contract action; and it appears that a tort counterclaim to a contract action is allowable.[3] Although the present counterclaim is not compulsory within the application of Rule 13(a), because it does not arise out of the transaction or occurrence which is the subject matter of the plaintiff's claim, it can be asserted as a permissive counterclaim under Rule 13(b). See, in general, 3 Moore, Federal Practice (2d Ed.1948), Sec. 13.18, pp. 48-53.

For the reasons assigned, it is the opinion of this Court that defendants' motion to vacate judgment should be granted, with leave to file separate answers, and that both plaintiff's motion to strike Paragraph 4 of the separate answer of E. B. Merritt and the motion to dismiss the counterclaim in the separate answer and counterclaim of E. B. Merritt, Inc., should be denied.

2. See, in general, Restatement, Torts (1938), Sec. 525, pp. 59-63; Prosser, Torts (2d Ed.1955), Sec. 86, pp. 520-531. Although the counterclaim does not contain the usual allegation of guilty knowledge for an intentional tort, it seems that on the alternative basis of innocent or negligent misrepresentation the counterclaim would be adequate in North Dakota. Tvedt v. Haugen, 1940, 70 N.D. 338, 294 N.W. 183, 132 A.L.R. 379 (where the court quotes with approval the language of a Minnesota case based on negligent misrepresentation).

As to negligent misrepresentation, see Prosser, Torts (2d Ed.1955), 541-545; Stein v. Treger, 1950, 86 U.S.App.D.C.

The attorneys for the defendants herein will prepare and submit forthwith an order effectuating this memorandum opinion.

It is so ordered.

400, 182 F.2d 696; Anderson v. Tway, 6 Cir., 1944, 143 F.2d 95, certiorari denied 324 U.S. 861, 65 S.Ct. 865, 89 L.Ed. 1418; Fidelity & Deposit Co. v. Drovers' State Bank, 8 Cir., 1926, 15 F.2d 306; American Universal Ins. Co. v. Scherfe Ins. Agency, D.C.Iowa 1954, 135 F.Supp. 407.

3. Fidelity & Casualty Co. of New York v. Coffelt, D.C.Iowa 1951, 11 F.R.D. 443 (tort counterclaim to contract action held permissive but dismissed as premature); Norton v. Shotmeyer, D.C.N.J.1947, 72 F.Supp. 188; see Matanuska Valley Bank v. Arnold, D.C.Alaska 1953, 116 F.Supp. 32, 37, reversed in part on other grounds, 9 Cir., 1955, 223 F.2d 778.