**CONSUMERS WATER COMPANY et al.,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 13–172.**

United States District Court,
D. Maine, S. D.
Jan. 16, 1974.

John R. Cornell, Theodore H. Kurtz, Portland, Me., for plaintiffs.

Claire Fallon, A. I. Castelli, Trial Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., Peter Mills, U. S. Atty., Portland, Me., for defendant.

## OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is a suit for the recovery of some $23,760.72 federal income taxes and interest alleged to have been erroneously assessed to plaintiffs for the calendar year 1965. The question presented is whether expenses incurred by a taxpayer in connection with the registration of common stock with the Securities and Exchange Commission (the S.E.C.) pursuant to Section 12(g) of the Securities Exchange Act of 1934, 15 U.S.C. § 78l(g) (the Exchange Act), qualify for deduction from gross income under Section 162(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 162(a) (the Code), which allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business . . . ."[1] For the reasons to be stated, the Court concludes that such expenses do not so qualify.

---

1. Sec. 162. Trade or business expenses. (a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, . . . .

The facts are stipulated. Plaintiff Consumers Water Company (Consumers) is the owner of more than eighty (80) percent of the common stock of plaintiffs Dartmouth Real Estate Company, Camden and Rockland Water Company and Kankakee Water Company. During 1965, plaintiffs incurred certain legal, accounting, printing and other expenses in connection with the registration of Consumers' common stock with the S.E.C. as required by the then newly-enacted Section 12(g) of the Exchange Act. On their 1965 tax returns, plaintiffs claimed deductions for these costs as "ordinary and necessary" business expenses under Section 162(a) of the Code. The Commissioner of Internal Revenue disallowed these deductions and assessed deficiencies against plaintiffs on the ground that the costs in question constituted non-deductible capital expenditures under Section 263(a)(1) of the Code, 26 U.S.C. § 263(a)(1).[2] See Rev.Rul. 69–330, 1969–1 Cum.Bull. 51. Plaintiffs paid the assessed deficiencies and interest, filed timely claims for refund, and, when their claims were disallowed, brought the present action.

The Securities Acts Amendments of 1964, effective July 1, 1964, added Section 12(g) to the Exchange Act, requiring every issuer of securities engaged in interstate commerce, or in a business affecting interstate commerce, or whose securities are traded by use of the mails or any means or instrumentality of interstate commerce, which has assets in excess of $1,000,000 and an outstanding issue of securities held by more than 750 (now 500) persons, to register such issue.[3] Pursuant to Section 12(g), Consumers was required to file with the S.E.C. a registration statement on Form 10, registering its common stock under the Exchange Act, within 120 days following the end of its fiscal year ending December 31, 1964. 17 C.F.R. § 249.210. In addition, the 1964 Amendments added Section 13 to the Exchange Act, 15 U.S.C. § 78m. Under Section 13, Consumers is required to file an annual report with the S.E.C. on Form 10–K. 17 C.F.R. § 249.310.

■■ To qualify as an allowable deduction under Section 162(a) of the Code, plaintiffs must show that the registration expenses in question were, in the language of the statute, (1) ordi-

2. SEC. 263. Capital expenditures.
 (a) General Rule.—No deduction shall be allowed for—
 (1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate.

3. Section 12(g) of the Securities Exchange Act of 1934, c. 404, 48 Stat. 881, as added by Sec. 3(c) of the Securities Acts Amendments of 1964, P.L. 88–467, 78 Stat. 565 (15 U.S.C. § 78l):
 § 78l. Registration requirements for securities.
 * * * * * *
 (g)(1) Every issuer which is engaged in interstate commerce, or in a business affecting interstate commerce, or whose securities are traded by use of the mails or any means or instrumentality of interstate commerce shall—
 (A) within one hundred and twenty days after the last day of its first fiscal year ended after July 1, 1964, on which the issuer has total assets exceeding $1,000,000 and a class of equity security (other than an exempted security) held of record by seven hundred and fifty or more persons; and
 (B) within one hundred and twenty days after the last day of its first fiscal year ended after two years from July 1, 1964, on which the issuer has total assets exceeding $1,000,000 and a class of equity security (other than an exempted security) held of record by five hundred or more but less than seven hundred and fifty persons,
 register such security by filing with the Commission a registration statement (and such copies thereof as the Commission may require) with respect to such security containing such information and documents as the Commission may specify comparable to that which is required in an application to register a security pursuant to subsection (b) of this section. Each such registration statement shall become effective sixty days after filing with the Commission or within such shorter period as the Commission may direct. Until such registration statement becomes effective it shall not be deemed filed for the purposes of section 78r of this title. * * *

nary; (2) necessary; (3) paid or incurred during the taxable year; and (4) paid or incurred in carrying on a trade or business. The parties have stipulated that the registration expenses were paid or incurred during the taxable year, and it is not disputed that they were paid or incurred in carrying on a trade or business. Moreover, the "necessary" character of the expenses is not in issue, as defendant concedes that the registration was compelled by the 1964 Amendments to the Exchange Act and that the expenditures met the judicially-articulated requirement that they be " 'appropriate and helpful' for 'the development of the [taxpayer's] business.' " Commissioner v. Tellier, 383 U.S. 687, 689, 86 S.Ct. 1118, 1120, 16 L.Ed.2d 185 (1966); Welch v. Helvering, 290 U.S. 111, 113, 54 S.Ct. 8, 78 L.Ed. 212 (1933). What remains at issue is whether the registration expenses were "ordinary" expenses within the meaning of the statute.

The particular difficulty of determining the meaning of the term "ordinary" in Section 162(a) was noted by Mr. Justice Cardozo forty years ago in Welch v. Helvering, supra:

Now, what is ordinary, though there must always be a strain of constancy within it, is nonetheless a variable affected by time and place and circumstance. Id. at 113–114, 54 S.Ct. at 9.

\* \* \* \* \* \*

Here, indeed, as so often in other branches of the law, the decisive distinctions are those of degree and not of kind. One struggles in vain for any verbal formula that will supply a ready touchstone. The standard set by the statute is not a rule of law; it is rather a way of life. Life in all its fullness must supply the answer to the riddle. Id. at 114–115, 54 S.Ct. at 9.

Although precise guidelines for ascertaining what expenses are "ordinary" are not available, the Supreme Court has furnished the controlling considerations. In Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416 (1939), Mr. Justice Douglas stated:

Ordinary has the connotation of normal, usual, or customary. To be sure, an expense may be ordinary though it happen but once in the taxpayer's lifetime. Cf. Kornhauser v. United States, supra [276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505]. Yet the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved. Welch v. Helvering, supra, [290 U.S. 111] 114 [54 S.Ct. 8, at page 9, 78 L. Ed. 212] . . . [T]he fact that an obligation to pay has arisen is not sufficient. It is the kind of transaction out of which the obligation arose and its normalcy in the particular business which are crucial and controlling. Id. at 495–496, 60 S.Ct. at 367.

Again, in Commissioner v. Tellier, supra, Mr. Justice Stewart emphasized that:

The principle function of the term "ordinary" in § 162(a) is to clarify the distinction, often difficult, between those expenses that are currently deductible and those that are in the nature of capital expenditures, which, if deductible at all, must be amortized over the useful life of the asset. Id. 383 U.S. at 689–690, 86 S. Ct. at 1120 (citation omitted).

Most recently, in Commissioner v. Lincoln Savings & Loan Association, 403 U.S. 345, 91 S.Ct. 1893, 29 L.Ed.2d 519 (1971), Mr. Justice Blackmun stressed that "the fact that a payment is imposed compulsorily upon a taxpayer does not in and of itself make that payment an ordinary and necessary expense within the meaning of Section 162(a) of the 1954 Code." Id. at 359, 91 S.Ct. at 1901. Finally, the Supreme Court has repeatedly affirmed that whether expenses are "ordinary" is a question of fact. Id. at 353, 91 S.Ct. 1893, 29 L.Ed.2d 519; Commissioner v. Heininger, 320 U.S. 467, 475, 64 S.Ct. 249, 88 L.Ed. 171 (1943); Deputy v. DuPont, supra at 496, 60 S.Ct. 363, 84 L.Ed. 416.

While each case "turns on its special facts," Deputy v. DuPont, supra, the controlling principle seems clear. The distinction made by Section

162(a) is between those single one-time expenditures which cannot be said to be "normal, usual, or customary" in the life of the taxpayer, or "of common or frequent occurrence" in the type of business involved, and those recurring expenditures which can be characterized as "normal, usual, or customary" in the life of the taxpayer, or "of common or frequent occurrence" in the taxpayer's type of business. The former are regarded as not "ordinary" expenses and therefore not deductible; the latter are treated as "ordinary" expenses and hence deductible.

The decided cases and revenue rulings cited by the parties reflect the distinction between one-time non-recurring expenditures, which are treated as not "ordinary," and periodic recurring expenditures, which are regarded as "ordinary." Thus, in a context closely comparable to that here in question, it has been held that the initial cost of listing a stock issue with a stock exchange is not a currently deductible expense, because it is a fee that is paid only once. *See* Dome Mines Ltd. v. Commissioner, 20 B.T.A. 377 (1930); Motion Picture Capital Corp. v. Commissioner, 32 B.T.A. 339 (1935), aff'd, 80 F.2d 872 (2d Cir. 1936). Similarly, the fees paid by a corporation to its registrar and transfer agent in connection with an original issue of stock, a merger, a consolidation, or a stock dividend are not currently deductible expenses, because they are paid but once. Rev.Rul. 69–615, 1969–2 Cum.Bull. 26; General Bancshares Corp. v. Commissioner, 326 F.2d 712 (8th Cir.) cert. denied, 379 U.S. 832, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964). The Commissioner of Internal Revenue has also ruled that the initial stock registration expenses incurred by an open-end investment company to effect registration of a new issue of its capital stock with the S.E.C. are not deductible as ordinary and necessary business expenses. Rev.Rul. 72–13, I.R.B. 1972–73, 6. On the other hand, when the expenditure in question is clearly either a regularly recurring expense of the taxpayer or a type of ex-

pense which is of frequent occurrence in the particular business community, deduction as an ordinary and necessary business expense has been allowed. *E. g.*, Chesapeake Corp. of Virginia v. Commissioner, 17 T.C. 668, 674–675 (1951), acq. 1952–1 Cum.Bull. 1 (annual stock exchange fees); Rev.Rul. 69–615, *supra* (registrar and transfer agent's stock transfer fees); Rev.Rul. 72–13, *supra* (stock issuance expenses of open-end investment company, other than during initial stock offering); Rev.Rul. 65–13, 1965–1 Cum.Bull. 87 (expenses of semi-annual reports to S.E.C. in connection with employee stock option offering); Rev.Rul. 70–342, 1970–2 Cum.Bull. 32 (stock exchange death assessments); Locke Mfg. Cos. v. United States, 237 F.Supp. 80, 84–85 (D.Conn.1964), acq. Rev.Rul. 67–1, 1967–1 Cum.Bull. 28 (proxy contest expenses); Commissioner v. Tellier, *supra* (costs of defending against business-related criminal charges); Commissioner v. Heininger, *supra* (costs of contesting business-related administrative order); Kornhauser v. United States, 276 U.S. 145, 48 S. Ct. 219, 72 L.Ed. 505 (1928) (corporate litigation expenses).

In application of the foregoing principle to the present case, the costs incurred by a taxpayer in connection with the initial registration of a stock issue pursuant to Section 12(g) of the Exchange Act cannot qualify as "ordinary" expenses deductible under Section 162 (a). A Section 12(g) registration is required only once with respect to each qualified securities issue, and the resulting expenses are paid but once. Clearly, such a unique one-time expenditure cannot be said to be a recurring expense which is "normal, usual, or customary" in the life of the taxpayer or "of common or frequent occurrence" in the taxpayer's type of business.

 Plaintiffs in essence present a threefold argument in support of their position that their Section 12(g) registration expenses were "ordinary" expenses deductible under Section 162(a). First, they contend that Section 12(g)

registration expenses meet the "normal, usual, or customary" standard, because the initial registration of a stock issue as required by Section 12(g) is merely the first in a series of recurring annual filing and reporting responsibilities imposed by the Exchange Act. But a comparison of Form 10, the form required to be completed for the initial registration of stock, with Form 10–K, the form for subsequent annual reports, discloses that the initial registration procedure is far more comprehensive and extensive than the annual reporting procedure, requiring substantially more information and quite evidently designed to serve a different purpose.

Second, plaintiffs argue that their Section 12(g) registration expenditures are currently deductible, because even though they may be incurred "but once in the taxpayer's lifetime," they are "of common or frequent occurrence" in the taxpayer's type of business since all similarly situated businesses are required by the 1964 Amendments to the Exchange Act to make Section 12(g) filings. It is true that all corporations which came within the purview of Section 12(g) were required to register each of their stock issues with the S.E. C. However, the expense of registering was extraordinary for each of these corporations, because each was required to register only once for an issue that qualified; once this was done, the issue was registered forever. It is not enough, in order that an expenditure qualify as a deductible expense under Section 162(a), that it merely be one paid by all similarly situated taxpayers. Commissioner v. Lincoln Savings & Loan Association, *supra* 403 U.S. at 354, 91 S.Ct. 1893, 29 L. Ed.2d 519. In other words, while the expense may have been incurred by a number of other similar businesses, it was not an expense "of common or frequent occurrence" for any one of them.

Plaintiffs' third and final argument is that, as no intangible asset was created by their Section 12(g) registration expenditures, such expenditures did not constitute capital expenditures under Section 263(a)(1) of the Code, and, therefore, must be regarded as ordinary expenses under Section 162(a). As plaintiffs concede, however, the fact that an expense does not constitute a non-deductible capital expenditure under Section 263(a)(1) does not mean that it is necessarily an "ordinary" expense deductible under Section 162(a). Commissioner v. Lincoln Savings & Loan Association, *supra* at 358, 91 S.Ct. 1893, 29 L.Ed.2d 519. As Judge (now Mr. Justice) Blackmun stated in General Bancshares Corp. v. Commissioner, *supra*:

> Section 263, with its denial of deductibility for specified capital expenditures, and § 162(a), with its grant of deductibility for ordinary and necessary business expenses, are not, of course, mutually exclusive. *Id.* 326 F.2d at 716.

*See also* Baltimore & Ohio R. R. v. Commissioner, 29 B.T.A. 368, 372–73 (1933), aff'd, 78 F.2d 460 (4th Cir. 1935); Dome Mines Ltd. v. Commissioner, *supra;* 4A Mertens, Law of Federal Income Taxation § 25.20 at 114 (Rev. ed. 1972). Furthermore, an expenditure may be capital in nature and not a currently deductible expense, even though the benefit derived therefrom does not take the form of value added to a capital asset. General Bancshares Corp. v. Commissioner, *supra* 326 F.2d at 716; Motion Pictures Capital Corp. v. Commissioner, *supra* 80 F.2d at 873; 4A Mertens, *supra*, § 25.20 at 121. In the present case, the registration of Consumers' common stock was required to avoid the civil and criminal sanctions, including suspension of trading in the stock, imposed by the Exchange Act. *See, e. g.,* Sections 19(a)(4) and 32(a) of the Exchange Act, 15 U.S.C. §§ 78s (a)(4) and 78ff. A permanent benefit thus accrued to plaintiffs from the fact of registration, which was of indefinite duration extending through their corporate lives. The expenses of that registration are of the same character as other costs incurred for purposes related to corporate structure or existence which, because they provide benefits of indefinite duration, are not deductible as ordi-

nary and necessary business expenses under Section 162(a). General Bancshares Corp. v. Commissioner, *supra* 326 F.2d at 715; Motion Pictures Capital Corp. v. Commissioner, *supra* 80 F.2d at 873; Dome Mines Ltd. v. Commissioner, *supra* 20 B.T.A. at 378. *Cf.* Teitelbaum v. Commissioner, 294 F.2d 541, 544 (7th Cir. 1961), cert. denied, 368 U.S. 987, 82 S. Ct. 603, 7 L.Ed.2d 525 (1962); Woolrich Woolen Mills v. United States, 289 F.2d 444, 449 (3rd Cir. 1961); RKO Theatres Inc. v. United States, 163 F.Supp. 598, 602 (Ct.Cl.1958).[4]

The Court holds that plaintiffs' Section 12(g) registration expenditures did not qualify as "ordinary and necessary" business expenses under Section 162(a) of the Code. It follows that the claimed deductions were properly disallowed and the present action must be dismissed.

It is so ordered.

4. In their brief, plaintiffs advance for the first time an alternative argument, not within the scope of the stipulated issue. They assert that if their Section 12(g) registration expenses created a capital asset, they were currently deductible as an amortizable item under Section 167(a) of the Code, 26 U.S.C. § 167(a), and Treas.Reg. § 1.-167(a)–3, because the asset's useful life did not extend beyond the end of 1965. The Court's determination that the benefit accruing to plaintiffs from the Section 12(g) registration is of indefinite duration extending throughout their corporate lives makes it unnecessary to consider further this argument. Treas.Reg. § 1.167(a)–3.