Stephen F. AVERY and Barbara Avery, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C 76–4011.

United States District Court, N. D. Iowa, W. D.

Sept. 13, 1976.

Stephen F. Avery, Christopher A. Bjornstad, Spencer, Iowa, for plaintiffs.

Gerald A. Kafka, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Keith Van Doren, Asst. U. S. Atty., Sioux City, Iowa, for defendant.

1. *Caesar's World, Inc. v. Spencer Foods, Inc.,* 498 F.2d 1176 (8th Cir. 1974).

2. Although Barbara Avery is joined as a party plaintiff, her only participation in any of the

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motion for summary judgment filed August 16, 1976.

Jurisdiction for this matter is based on 28 U.S.C. § 1346(a)(1) and plaintiff's claim arises under the Internal Revenue Code of 1954. The underlying facts allegedly giving rise to the claim are not in dispute.

Plaintiff Stephen Avery, an attorney from Spencer, Iowa, represented Spencer Foods, Inc. in and around 1972, in litigation with Caesar's World, Inc. in this court. The initial question of jurisdiction was contested through the litigation and ultimately decided in favor of Spencer Foods on appeal.[1] In anticipation of an adverse ruling on the jurisdictional question, plaintiff undertook and passed the bar examination of the State of Florida, an alternative forum for maintenance of the suit.

Plaintiff thereupon deducted $1,401.93 from his income tax return for the year 1972[2] as an "ordinary and necessary" business expense incurred in taking the bar exam and in attending the subsequent swearing-in ceremony. Upon disallowance of the deduction by the Internal Revenue Service plaintiff paid the assessed tax of $445 plus $33.12 interest and filed a claim for a refund. This action, filed February 20, 1976, is plaintiff's response to the government's refusal to authorize a refund.

Plaintiff asserts that the expenses incurred in qualifying for the Florida bar were necessitated by an obligation to adequately represent Spencer Foods, Inc. in ongoing litigation. Any failure to establish jurisdiction in the Northern District of Iowa, plaintiff contends, would have required him to file the action in Florida where jurisdiction certainly could be obtained. Therefore, despite the eventual success

events was as co-filer of a joint income tax return. This order is, therefore, primarily directed to Stephen Avery as the principal plaintiff.

on his jurisdictional claim, plaintiff contends that the expenses incurred in preparation for the above contingency represented no more than is required of adequate advocacy and were "ordinary and necessary" expenses within the meaning of § 162 IRC and, thus, deductible.

Defendant disputes plaintiff's characterization of expenses as "ordinary," maintaining that such expenditures were "capital" in nature, and moves for summary judgment.

### Motion for Summary Judgment

Summary judgment should be entered only when the pleadings, stipulations, affidavits, and admissions in the case show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c) F.R.C.P.; see *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing upon such a motion the court is required to view the facts in the light most favorable to the party opposing the motion and to give to that party the benefit of all reasonable inferences to be drawn from underlying facts. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 153–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Oskey Gasoline & Oil Co., Inc. v. Continental Oil,* 534 F.2d 1281, 1288 (8th Cir. 1976).

While a party who moves for summary judgment has a heavy burden of persuasion, however, his motion should be granted if the court is satisfied that the record presents no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Percival v. General Motors Corp.,* 539 F.2d 1126 (8th Cir. 1976).

■ Here the parties have stipulated to the facts, and the determination of whether the expense incurred in plaintiff's becoming a member of the Florida Bar is a nondeductible capital expenditure or a deductible ordinary and necessary business expense is, in this instance, substantially a question of law.[3] Accordingly, the issues contested here present an appropriate occasion for disposition by summary judgment.

■ Section 162 of the Internal Revenue Code of 1954 allows an income tax deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. . . ." An important function of the modifier "ordinary" is to distinguish between those "single one-time expenditures which cannot be said to be 'normal, usual, or customary' in the life of the taxpayer, or 'of common or frequent occurrence' in the type of business involved, and those recurring expenditures which can be characterized as 'normal, usual, or customary' in the life of the taxpayer, or 'of common or frequent occurrence' in the taxpayer's type of business." *Consumers Water Co. v. United States,* D.C., 369 F.Supp. 939, 944 (1974). The former expenditures are regarded as non-ordinary or capital expenditures. The latter are treated as ordinary expenditures and deductible under § 162 IRC. It is clear that the determination that plaintiff's expenditures were non-ordinary or "capital" in nature would render them nondeductible. *Woodward v. Commissioner of Internal Revenue,* 397 U.S. 572, 575, 90 S.Ct. 1302, 25 L.Ed.2d 577 (1970); *Madden v. C. I. R.,* 514 F.2d 1149, 1150 (9th Cir. 1975). However, the determination of what constitutes a capital expenditure is not susceptible to easy definition. Plaintiff argues that the "primary purpose" of the expenditure was to better serve his client in the *Caesar's World* case. But the Supreme Court has rejected the "primary purpose" test, stating: "A test based upon the taxpayer's purpose . . . would encourage resort to formalisms and artificial distinc-

---

**3.** For purposes of summary judgment the substantial agreement by stipulation to the material facts serves to remove this controversy from the operation of the general rule that the determination of whether expenditures are ordinary and necessary business expenses is a question of fact. *See United States v. General Bancshares Corp.,* 388 F.2d 184, 188 (8th Cir. 1968); *Wells-Lee v. C. I. R.,* 360 F.2d 665, 669 (8th Cir. 1966).

tions." *Woodward v. Commissioner of Internal Revenue,* 397 U.S. 572, 577, 90 S.Ct. 1302, 1306, 25 L.Ed.2d 577 (1970); *accord Anchor Coupling Co. v. United States,* 427 F.2d 429, 432 (7th Cir. 1970).

■ A number of tests have been advanced to determine whether an expenditure may be characterized as a capital outlay and therefore nondeductible. However, a majority of courts have coalesced around what may be denominated an "accrual of benefits" test. That test delimits a standard which holds that a business expenditure is of a capital nature when the benefits of the expenditure are to be enjoyed over a comparatively lengthy period of business operation, usually for a period of greater than the taxable year in question. *Walters v. Commissioner of Internal Revenue,* 383 F.2d 922, 923–24 (6th Cir. 1967); *see United States v. Mississippi Chemical Corp.,* 405 U.S. 298, 310, 92 S.Ct. 908, 31 L.Ed.2d 217 (1972); *Georator Corp. v. United States,* 485 F.2d 283, 284 (4th Cir. 1973); *Clark Oil & Refining Corp. v. United States,* 473 F.2d 1217, 1220 (7th Cir. 1973); *Shutler v. United States,* 470 F.2d 1143, 1147 (10th Cir. 1972); *Wells-Lee v. C. I. R.,* 360 F.2d 665, 669 (8th Cir. 1966); *see also* 26 C.F.R. § 1.461–1 (1976). *But see Briarcliff Candy Corp. v. C. I. R.,* 475 F.2d 775, 782 (2d Cir. 1973). By this test plaintiff's expenditures were not "ordinary" and therefore not deductible under § 162 IRC.

The controversy presented here is closely analogous to that presented in *Wells-Lee v. C. I. R.,* 360 F.2d 665 (8th Cir. 1966). There the court found that payments of nonrecurrent staff fees by osteopathic physicians and surgeons as prospective staff members of hospitals were nondeductible capital expenditures, stating: "The crucial factor is that the right to practice is an intangible benefit or advantage like a capital asset." *Id.,* at 670.

The benefits derived from membership in the Florida bar will be enjoyed over a comparatively lengthy period of plaintiff's business operation, certainly greater than one year in length, as indicated by the affida-

vits which have been filed with the court. In consequence, plaintiff may not claim § 162 IRC as support for a deduction here.

Plaintiff resists granting of the motion for summary judgment on the grounds that the motion is untimely, and would pretermit facts and issues which must be submitted to the court according to stipulation. Plaintiff's contentions are not well taken.

Rule 56(b) F.R.C.P. states that defendant may move for summary judgment in his favor as to all or any part of the action at any time. Thus, defendant's motion cannot be considered untimely.

■ Likewise, plaintiff's notion as to what was stipulated is without merit. Stipulations, being formal agreements conceding or admitting matters incident to a judicial proceeding, are to be encouraged as a means of clarifying the issues and avoiding submission of unnecessary or superfluous proof. *Minneapolis Brewing Co. v. Merritt,* D.C., 143 F.Supp. 146, 148–49 (1956); *see* Rules 1, 16 F.R.C.P.; *Insurance Co. of No. America v. Northwestern Nat. Ins. Co.,* 494 F.2d 1192, 1196 (6th Cir. 1974). The court determines that the issues so clarified are appropriate for disposition by summary judgment. In this fashion, the agreed-to stipulations have performed the entirely appropriate function of so narrowing the issues as to render formal trial on them unnecessary.

It is therefore

ORDERED.

Granted.