**GENERAL TELEPHONE CORPORA-TION, Appellant,**

v.

**GENERAL TELEPHONE ANSWERING SERVICE et al., Appellees.**

No. 18123.

United States Court of Appeals
Fifth Circuit.

May 2, 1960.

Hugh C. Macfarlane, John A. Curtiss, Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for appellant.

Jack Clark, St. Petersburg, Fla., for appellees.

Before RIVES, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

HUTCHESON, Circuit Judge.

On June 24, 1958, plaintiff filed in the United States District Court for the Southern District of Florida, Tampa Division, a complaint seeking injunctive relief from the use by the appellees, General Telephone Answering Service, Inc. and Charles P. B. Pinson, of the words "General Telephone", either in a corporate name or in any other way which might interfere with the business or good will of the appellant or the General Telephone System, or which might be so

similar to the name of the appellant or the General Telephone System as to cause or tend to cause confusion. On July 1, 1958, a summons and a copy of the complaint were served on the appellees.

The time for the appellees to file defensive pleadings to this complaint having expired on July 21, 1958, without such action having been taken, a default, dated July 24, 1958, was noted by the Clerk, and, on July 25, 1958, a judgment [1] by default was entered by the district court.

On July 28, 1958, a motion was filed by the appellees to set aside the default, without an answer being attached thereto, and the same was denied by the district court in its order [2] of Aug. 8, 1958.

From August 8, 1958, no action was taken by the appellees to vacate the judgment by default until the motion to set aside default, dated May 27, 1959, was filed the following day. In it the defendants stated the reasons for the failure to answer and that they had a good defense to the cause of action; and

also tendered a proposed answer to be filed in the cause if leave was granted. This motion was heard by the district court on June 18, 1959, and an order was entered on the next day, setting aside the default and the judgment entered thereon.

A motion for reargument and rehearing on motion to set aside default and to vacate order entered thereon was filed by the appellant on June 26, 1959, and, following a hearing, this motion was denied on October 6, 1959, by the district court.

Appealing from these orders, plaintiff is here presenting for review the single question: "Did the district court abuse its discretion in vacating the judgment by default under the circumstances existing in this case?" Vigorously arguing that the question must be answered in the affirmative and that the defendants' claimed excuse for not having answered is not really an excuse at all, appellant, citing cases in support,[3] insists that the long delay in filing the

1. "This cause came on for hearing on the 25th day of July, 1958, upon the verified complaint filed herein by the plaintiff, General Telephone Corporation, and the Motion of the plaintiff for Judgment by Default, and it appearing to the Court that the defendants, General Telephone Answering Service, Inc. and Charles P. B. Pinson, have been duly served with a summons and a copy of said complaint, proof of such service having been duly filed herein; that no answer or other defensive pleadings or appearance has been filed or served by either of the defendants; and that neither of the defendants is an infant or incompetent person; and the default of each of the defendants having been duly entered by the Clerk of this Court on July 24, 1958; and the Court being fully advised, it is thereupon

"Ordered, Adjudged and Decreed that the defendants, General Telephone Answering Service, Inc. and Charles P. B. Pinson, and all persons or corporations who may be under the control of them or either of them be and each of them is hereby permanently and forever restrained and enjoined from using the name General Telephone Answering Service, Inc. or the words 'General Telephone' either in a corporate name or in any other way which might interfere with the

business or good will of the General Telephone Corporation or the General Telephone System or which may be so similar to the name 'General Telephone Corporation' or 'General Telephone System', as to cause or tend to cause confusion.

"Done and Ordered at Tampa, Florida, this the 25th day of July, 1958.

"William J. Barker,
"United States District Judge."

2. "The above styled case coming on for hearing upon Motion to set aside default, and after argument of counsel for the respective parties, and the Court being fully advised in the premises, it is thereupon—

"Ordered, Adjudged and Decreed that said Motion to Set Aside Default be, and the same is hereby denied without prejudice.

"Done and Ordered in Tampa, Florida, this the 8th day of August, 1958.

"Geo. W. Whitehurst,
"United States District Judge."

3. Mayfair Extension, Inc. v. Magee, 100 U.S.App.D.C. 48, 241 F.2d 453; Erick Rios Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207; Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242; and Assmann v. Fleming, 8 Cir., 159 F.2d 332.

second motion to set aside the judgment and the fact that in the meantime appellant had obtained intervening rights conspire to show: that the granting of the order appealed from was not in accordance with principles of equity and justice; and that the district judge, therefore, abused his discretion and the order may not stand.

Defendants-appellees, on their part advising the court that they do not intend to file a brief, rely here on the order of the district judge and the record on which it was made.

■ A consideration of the record, in the light of the principles controlling here, convinces us that appellees' reliance is well placed. These principles are thus clearly and well stated in Moore's Federal Practice, Vol. 6, Sec. 55.10(1) at page 1829:

"At times the grounds put forward by the moving party, if proved or admitted, will entitle the defaulting party to relief as a matter of law. *More often the grant or denial of the motion will involve the exercise of a sound discretion; and the trial court's exercise of discretion will be interfered with by the appellate court only where there is an abuse. But where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.*" (emphasis supplied)

This court, in Hiern v. St. Paul-Mercury, 5 Cir., 262 F.2d 526, 530, has thus stated and applied the same principles:

" * * * The disposition of a motion to open a default judgment is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court. See Moore's Federal Practice, Sec. 55.10(4) (Rev. ed.). We are unable to say that the district court abused its discretion in accepting appellant's excuse for failing to present a meri-

torious defense when he presented his motion, or that it erred in believing the appellant's sworn version of the facts rather than the version presented by appellee's affidavit."

The record shows that the order of April 11, 1958, denying defendant's motion to set aside the default, was entered "without prejudice". It shows, too, that the second motion to set aside the default made the necessary showing of a good defense to plaintiff's claim. The default judgment, entered without a hearing and without proof of any kind in a case in which the plaintiff sought equitable relief, was a completely drastic one with wide and comprehensive injunctive effect, and if there was in reality a defense to the sweeping claim of plaintiff, it would be a great injustice for the order entered without a hearing to stand.

Of plaintiff's claim of intervening equities, it is sufficient to say that the affidavits relied on to support this claim do not at all support it. Without showing that any part of the large amounts of money spent in advertising on a national scale was spent in reliance on the default judgment, it shows quite the contrary. Indeed, all that it shows was that plaintiff was, and continued to be a large advertiser.

In addition to all this, the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping injunction it obtained, not after trial and upon proofs but without a trial and by default. All that the order, of which appellant so bitterly complains, has done is to give the defendants their day in court. If, as appellant so vigorously insists, the defendants were and are guilty of unfair competition, in short are not the sinned against but the sinners, the setting aside of the default will not prevent plaintiff's making its proof and obtaining the decree to which it is entitled.

■ The order appealed from was not an abuse, it was an exercise, of judicial discretion. It is Affirmed.