James S. BAVOUSET and John A. Davis, Plaintiffs,

v.

SHAW'S OF SAN FRANCISCO, a corporation, and Shaw's Confections, Inc., a corporation, Defendants.

Civ. A. No. 67-H-218.

United States District Court
S. D. Texas,
Houston Division.

Nov. 13, 1967.

Fulbright, Crooker, Freeman, Bates & Jaworski, (Rufus Wallingford), Houston, Tex., for defendants.

*Memorandum:*

INGRAHAM, District Judge.

This suit was instituted by a complaint filed on March 20, 1967, naming Shaw's of San Francisco, Inc., as defendant. This complaint was answered on April 14, 1967. On June 7, 1967, the plaintiff filed an amended complaint, naming an additional defendant, Shaw's Confections, Inc. (hereinafter referred to as defendant). This defendant failed to answer the amended complaint within the prescribed time and the plaintiff made a motion for entry of a default judgment pursuant to Rule 55(b), Fed. R.Civ.P. The plaintiff's motion for entry of a default judgment was filed on October 6, 1967, and noted for submission to the court for decision on October 16, 1967. On October 10, 1967, the defendant appeared in court and moved that the time for submission of the plaintiff's motion for default judgment be extended to October 23, 1967. This motion was granted. On October 18, 1967, the defendant filed a motion to dismiss for want of jurisdiction over the person. The case is now before the court for consideration of the plaintiff's motion for entry of a default judgment and defendant's motion to dismiss for want of jurisdiction.

The entry of a default judgment pursuant to Rule 55(b), Fed.R. Civ.P., is not a matter of right but is in the sound discretion of the court.[1] Default judgments are not generally favored and any doubt in entering or setting aside a default judgment must be resolved in favor of the defaulting party.[2] If a plaintiff has not been sub-

Francis & Bear, (John B. Patrick), Houston, Tex., for plaintiffs.

1. Lau Ah Yew v. Dulles, 236 F.2d 415 (9 CA 1956); Papagianakis v. The Samos, 186 F.2d 257 (4 CA 1950), cert. denied, 341 U.S. 921, 71 S.Ct. 741, 95 L.Ed. 1354 (1951); State of Missouri ex rel. De Vault v. Fidelity & Casualty Co., 107 F.2d 343 (8 CA 1939).

2. Davis v. Parkhill-Goodloe Co., Inc., 302 F.2d 489 (5 CA 1962); General Telephone Corp. v. General Telephone Answering Service, 277 F.2d 919 (5 CA 1960); Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D.Tex.1961).

stantially prejudiced by the delay, a defaulting party who has appeared before the court should be afforded the opportunity to answer the complaint.[3]

■■ The pleadings and correspondence in this case indicate that the failure of the defendant to file a timely response is probably attributable to the fact that it switched counsel several times. *Excusable* neglect resulting from confusion in dismissing one attorney and employing another is sufficient to warrant relief from a default judgment previously entered. See Minneapolis Brewing Co. v. Merritt, 143 F.Supp. 146 (D.N.D.1956). Furthermore, when the question is whether to enter a default judgment rather than to vacate an existing default judgment, it is not absolutely necessary that the neglect or oversight on the part of counsel be excusable. Teal v. King Farms Co., supra, note 3; See Henry v. Metropolitan Life Ins. Co., 3 F.R.D. 142 (W.D.W.Va.1942). Thus, it is unnecessary for the court to determine if the defendant's default was through excusable neglect.

■ In view of the fact that one defendant, Shaw's of San Francisco, Inc., filed a timely answer to the plaintiff's complaint, this court finds that the plaintiff suffered no prejudice as a result of the delay of Shaw's Confections, Inc. in responding to the complaint and the plaintiff's motion for entry of a default judgment will be denied.

■ Although not raised by the parties, a preliminary question in the consideration of the defendant's motion to dismiss for want of jurisdiction is the effect of its failure to file a timely answer or motion. The question is whether the defendant, in allowing the case to proceed to default (although a default judgment was not entered), waived its right to assert a Rule 12(b) defense by motion. It is well settled that jurisdiction over the person may be waived by a party but such a waiver will not be lightly presumed.

In Zwerling v. New York & Cuba Mail S. S. Co., 33 F.Supp. 721 (E.D. N.Y.1940), the court held that a defendant in default (but who is allowed to answer on the merits by the court) waives all defenses or objections to the complaint, including its right to assert any Rule 12(b) defenses which are capable of being waived. Rule 12(h) is cited as authority. See also Heiss v. Nielsen, 132 F.Supp. 541 (D.Neb.1955) (dicta). The Supreme Court, in Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252 (1929), considered a certified question which was very similar to the one presented by this case. In the Commercial Casualty case, the court held that a party suffering a default waived its motion to dismiss for improper venue (a motion now authorized by Rule 12(b) as is the motion urged by the defendant). Although the Commercial Casualty case arose prior to the adoption of our present Federal Rules of Civil Procedure, its language and logic are persuasive in the consideration of the question before this court. Justice Van Devanter, speaking at pages 179–180, 49 S.Ct. at page 99, states:

"We are of opinion that the privilege is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and challenging the merits. In ordinary course, when that period expires the defendant either will have appeared generally for the purpose of contesting the merits *or by suffering a default will have assented that his adversary's allegations be taken as confessed for the purposes of judgment. In either event the suit will have reached the stage where attention must be given to the merits.* * * * To hold that such a privilege may be

3. Ciccarello v. Jos. Schlitz Brewing Co., 1 F.R.D. 491 (S.D.W.Va.1940); Teal v. King Farms Co., 18 F.R.D. 447 (E.D.Pa. 1955).

retained until after the suit has reached the stage for dealing with the merits and then be asserted would be in our opinion subversive of orderly procedure and make for harmful delay and confusion." (Emphasis added).

A similar case is Wabash Ry. Co. v. Bridal, 94 F.2d 117 (8 CA 1938), cert. denied, 305 U.S. 602, 59 S.Ct. 63, 83 L.Ed. 382, where a defendant filed a motion to dismiss for want of jurisdiction while in default and the court held that the motion was not "seasonably" filed.

In Senitha v. Robertson, 45 F.2d 51 (4 CA 1930), where the defendant sought to make a motion challenging venue after being in default, the court said:

"In the instant case * * * summons was served on the Commissioner in person in the district in which the suit was brought, and required him to answer or plead in twenty days. He let the time expire, as the result of which plaintiff was entitled to a default decree. * * * It was thereafter too late, except upon such terms as the court should impose, to defend on the merits, *and manifestly, therefore, too late to assert his privilege to refuse to be sued in Maryland,* * *"

(Emphasis added).

Likewise, in Ballard v. United Distillers Co., Inc., 28 F.Supp. 633 (W.D.Ky.1939), it was held that the failure to make a motion (which would be a Rule 12(b) motion under the present federal rules) until after default waived the defendant's right to make such a motion.

The only case which the court has discovered which is contra to the cases discussed supra is Berlanti Construction Co., Inc. v. Republic of Cuba, 190 F.Supp. 126 (S.D.N.Y.1960). The Berlanti case interprets the phraseology of Rule 12(h) to mean that a party waives its Rule 12(b) defenses if it has previously appeared before the court in the case and, thus, there is no waiver where the party has defaulted and made no prior appearance before the court. The authority cited for this construction is inapposite. The fact that a court has allowed a party in default to proceed in the suit and answer the complaint does not automatically put the defaulting party in the position of one who is making a timely response to a complaint. The court is not persuaded by the logic of the Berlanti case.

The court finds that the motion to dismiss by the defendant was not timely filed, it having been filed after the defendant was in default, and the motion will be denied.

The clerk will notify counsel to draft and submit an appropriate order, which will grant Shaw's Confections, Inc. twenty (20) days to answer the complaint on the merits or to further plead.