It is ordered, that defendant's Motion for Summary Judgment be and is hereby denied.

Dan R. **FINCH**

v.

**BIG CHIEF DRILLING COMPANY.**

Civ. A. No. 5376.

United States District Court,
E. D. Texas,
Tyler Division.
March 20, 1972.

Joe Hill Jones, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, Tex., for plaintiff.

Tracy Crawford, Ramey, Brelsford, Flock, Devereux & Hutchins, Tyler, Tex., for defendant.

## ORDER

JUSTICE, District Judge.

Before the court for consideration are plaintiff's motion for default judgment and defendant's motion to deny entry and judgment of default for good cause shown, and further, to accept as timely filed defendant's original answer or, in the alternative, to extend the answer date from November 11, 1971, to November 22, 1971.

On October 12, 1971, Dan R. Finch filed an action against Big Chief Drilling Company alleging personal injuries resulting from a fall from defendant's oil derrick platform and seeking $1,100,000 in damages. Service on defendant's registered agent for service of process was made on October 22, 1971, but the defendant's original answer was not filed until November 22, 1971, ten days late. See Rule 12(a), Fed.R.Civ.P. (The tenth day fell on Sunday, November 21, 1971.) Defendant's attorney erroneously relied on an exception to Rule 12(e) that would have brought into play Rule 4(e) of the Federal Rules of Civil Procedure and Article 8.10 of the Texas Business Corporations Act, V.A.T.S. Defendant's attorney was under the impression that he would be entitled to thirty (30) days within which to file an answer under this exception, and that the answer day would be November 22, 1971—rendering his answer timely filed. On November 17, 1971, just five days prior to the filing of defendant's original answer, the clerk received and filed plaintiff's request to enter default and plaintiff's motion for default judgment.

Authority to render a default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. The *clerk* is directed to enter default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; and (2) the default is for want of appearance; and (3) the default is neither an infant nor an incompetent person. Rule 55(b) (1), Fed.R.Civ.P. "While the rendition or pronouncement of a judgment is a judicial act of the *Court*, Rule 55(b) (1) constitutes a standing instruction to the *clerk* to enter judgment [when the three conditions above are present]." J. Moore, Federal Practice ¶ 55.04, at 1812 (2d ed. 1966). (Emphasis added.)

Absent these three conditions, however, the default judgment can be rendered only by application to the *court*. Rule 55(b) (2), Fed.R.Civ.P. Therefore, since the instant plaintiff's action for damages for personal injuries

is manifestly an unliquidated claim, only the court can dispose of plaintiff's motion for default judgment. Because the rendering of judgment by either the clerk or the court has not occurred, the court is faced with only the bare default *entry*. Thus, the law pertaining to *vacating* default judgments is inapplicable; the only question is whether the Court should grant plaintiff's motion for default judgment.

■ Authority to set aside either the bare default entry or the default judgment rests in the discretion of the court, Rules 55(c), 60(b), Fed.R.Civ.P.; General Tel. Corp. v. General Tel. Answering Service, 277 F.2d 919 (5th Cir. 1960). In exercising this discretion, the court properly may consider whether the defendant's failure to plead or otherwise defend is largely technical; whether the plaintiff will be prejudiced, and if so, the extent thereof; and whether entry of default judgment will result in injustice. J. Moore, Federal Practice ¶ 55.05, at 1812 (2d ed. 1966). Judge Ingraham, when United States District Judge in Houston prior to his elevation to the Fifth Circuit, stated the rule:

> The entry of a default judgment pursuant to Rule 55(b), Fed.R.Civ.P., is not a matter of right but is in the sound discretion of the court. Default judgments are not generally favored and any doubt in entering or setting aside a default judgment must be resolved in favor of the defaulting party. If a plaintiff has not been substantially prejudiced by the delay, a defaulting party who has appeared before the court should be afforded the opportunity to answer the complaint.

Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 297–298 (D.C.1967). (footnotes omitted). See also Wallace v. De Wered, 47 F.R.D. 4 (D.C.1969).

Moreover, even though the instant plaintiff's error in interpreting the exception to Rule 12(a) is excusable, the standard for deciding whether to render,

as distinguished from vacate, default judgment may not be that high:

> . . . when the question is whether to enter a default judgment rather than to vacate an existing default judgment, it is not absolutely necessary that the neglect or oversight on the part of counsel be excusable. Teal v. King Farms Co. [18 F.R.D. 447 (E.D.Pa.1955)]; See Henry v. Metropolitan Life Ins. Co., 3 F.R.D. 142 (W.D.W.Va.1942). Thus, it is unnecessary for the court to determine if the defendant's default was through excusable neglect. Bavouset v. Shaw's of San Francisco, *supra*, 43 F.R.D. at 298.

■ Nevertheless, defendant's pleadings reveal both the erroneous interpretation of counsel on a technical point of law and defendant's meritorious defense to plaintiff's claim. Thus defendant has established the requisite good cause. Rule 55(c), Fed.R.Civ.P. Plaintiff has failed to show any prejudice to him as a result of this ten-day delay in the filing of defendant's answer. The claim that intervention of a workman's compensation subrogation carrier subsequent to the default is prejudicial is unconvincing; such prejudice, if any, is insignificant. To grant plaintiff's motion in these circumstances would be, in the words of Judge Brown, ". . . a return to technicalities out of keeping with the aim declared in the very first Rule that 'They shall be construed to secure the just, speedy, and inexpensive determination of every action.' [Rule 1, Fed.R.Civ.P.]" Davis v. Parkhill-Goodloe Co., 302 F.2d 489, 495 (5 Cir., 1962). Accordingly, it is

Ordered that plaintiff's motion for default judgment is denied. It is further

Ordered that defendant's motion denying judgment of default is granted. Since the court will accept defendant's answer, heretofore filed, as timely, it is unnecessary to consider defendant's mo-

tion in the alternative to extend the answer date from November 11, 1971, to November 22, 1971, under Rule 6(b) of the Federal Rules of Civil Procedure.