James B. **WHITMAN**

v.

**UNITED STATES LINES, INC.**

**Civ. A. No. B–80–292–CA.**

United States District Court,
E. D. Texas,
Beaumont Division.

Aug. 18, 1980.

Rex Woodard, Woodard & Lindsay, Beaumont, Tex., for plaintiff.

Wendell C. Radford, Benckenstein, McNicholas, Oxford, Radford, Johnson & Nathan, Beaumont, Tex., for defendant.

## MEMORANDUM AND ORDER

JOE J. FISHER, District Judge.

CAME ON THIS DAY for consideration the motion of the Defendant to set aside default judgment in the above-styled and numbered cause; and the Court, having considered the same, along with the Plaintiff's memorandum in opposition thereto, is of the opinion that, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, good cause exists for setting aside the interlocutory judgment of default entered in this cause, and that, therefore, the motion should be GRANTED.

On June 25, 1980, on application of the Plaintiff, the Court entered an interlocutory judgment of default on the issue of liability against the Defendant, for failure to plead or otherwise defend this suit. A hearing was then scheduled in order for the Plaintiff to prove the amount of his unliquidated damages. Prior to the date set for such hearing, the Defendant moved the Court to set aside the order of June 25, 1980.

In order to succeed on its motion, the Defendant must show good cause for setting aside the interlocutory judgment of default. Fed.R.Civ.P. 55(c).* This requires the Defendant to show "both that there was a good reason for the default and that he has a meritorious defense to the action." *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970); 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2696 (1973) (hereinafter cited as Wright & Miller). The "good cause" showing required by Rule 55(c) for relief from an interlocutory judgment of default is considerably less stringent than

---

* All references are to the Federal Rules of Civil Procedure, unless indicated otherwise. The practice in this District differs somewhat from that provided for in Rule 55(a). In this District, entry of default for failure to plead or otherwise defend is made by the Judge to whom the case is assigned, not by the Clerk. *See Finch v.*

*Big Chief Drilling Co.*, 56 F.R.D. 456 (E.D.Tex. 1972). For purposes of Rule 55(c), the interlocutory judgment of default entered in this case is identical to an entry of default by the Clerk as provided for in Rule 55(a). As used in this memorandum, the terms are interchangeable.

the requirements for relief from a default judgment under Rule 60(b). 6 Moore's Federal Practice ¶ 55.10[1] (2d ed. 1976). A District Judge is afforded considerable discretion in ruling on a motion to set aside an interlocutory judgment of default or on a motion to set aside a default judgment. *Baez v. S. S. Kresge Co.*, 518 F.2d 349 (5th Cir. 1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); 10 Wright & Miller § 2694.

■ This Court has a strong prejudice in favor of trials on the merits with full participation by all parties. *See Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489 (5th Cir. 1962); *General Telephone Corp. v. General Telephone Answering Service*, 277 F.2d 919 (5th Cir. 1960); *Henderson 66 Sales, Inc. v. Harvison*, 58 F.R.D. 408 (N.D.Tex.1973). As a general rule, all doubts are resolved in favor of the party seeking relief from an entry of default. *General Telephone, Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 297–98 (S.D.Tex.1967); 10 Wright & Miller § 2693; 6 Moore's Federal Practice ¶ 55.-10[1] (2d ed. 1976).

■ Relief from an entry of default will be granted where the moving party shows that the default was not the result of gross neglect, that the non-moving party will not be substantially prejudiced by re-opening the case, and that the movant has a meritorious defense available to him. *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979); *McGrady*, 434 F.2d at 1001; *Finch v. Big Chief Drilling Co.*, 56 F.R.D. 456, 458 (E.D.Tex.1972).

The Defendant asserts that the entry of default was due to its excusable neglect, i. e., due to its good faith belief that settlement negotiations were proceeding and that the dispute could be resolved without resort to the courts. The Plaintiff has controverted this allegation. Resolving the doubt in favor of the movant, *General Telephone*, the Court finds that the Defendant's failure to plead was not due to gross neglect on its part or that of its attorney.

The Plaintiff has alleged no prejudice that might result to him from the granting of the Defendant's motion, and the Court believes that none could be shown. The Defendant promptly responded to the entry of the interlocutory judgment of default, entered on June 25, 1980. The motion presently before the Court was filed five days later, on June 30, 1980.

The Defendant asserts that it has a meritorious defense to this action. In fact, the Defendant has alleged that it has available to it the defenses of contributory negligence and pre-existing injury, both of which appear to be well-founded under the facts as alleged in the motion.

■ The Defendant having shown the absence of gross neglect, no prejudice to the Plaintiff, and a meritorious defense to the Plaintiff's claim, the Court finds that there is good cause to set aside the interlocutory judgment of default entered in this cause. It is, therefore,

ORDERED, ADJUDGED and DECREED that the motion of the Defendant to set aside is hereby GRANTED, that this Court's Order of June 25, 1980, is set aside and held for naught, and that this cause is in all things reinstated.

