**In re Larry McDANIEL,
Debtor, Plaintiff,**

**v.**

**NATIONWIDE, Defendant.**

**Bankruptcy Nos. 87 B 16816, 87 A 1229.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 8, 1988.

Robert J. Adams & Associates, Chicago, Ill., for debtor, plaintiff.

Craig Phelps, Chicago, Ill., standing trustee.

**MEMORANDUM OPINION
AND ORDER**

RONALD S. BARLIANT, Bankruptcy Judge.

This matter is before the Court on the motion of Larry McDaniel ("Debtor") for a default judgment against the defendant, "Nationwide". The underlying adversary proceeding involves the Debtor's complaint to avoid a preferential transfer pursuant to

§ 547(b) of the Bankruptcy Code. (11 U.S. C. § 101 *et seq.*)[1] The motion is denied.

The Debtor filed a petition for relief under Chapter 13 on November 12, 1987. On October 16, 1987, during the 90 days immediately preceding the petition, $497.00 was paid to Nationwide. The Debtor alleges that this payment constitutes a preferential transfer under § 547(b). Because the standing trustee has not avoided the transfer, the Debtor claims a right, pursuant to § 522(h), to recover as exempt the sum paid to Nationwide.

Accordingly, on December 29, 1987, the Debtor filed a complaint to recover a § 547 preference from Nationwide. Nationwide failed to answer that complaint or to appear at the status hearing on February 19, 1988. At that hearing, this Court entered an order of default against Nationwide. The Debtor's oral motion for a default judgment was taken under advisement. This opinion disposes of the motion for a default judgment.

Section 547(b) provides that a standing trustee may avoid any transfer of property which meets all five criteria listed in that subsection, unless one of the exceptions to avoidability enumerated in § 547(c) applies. The § 547(c) exceptions are affirmative defenses on which the defendant has the burden of proof. 11 U.S.C. § 547(g). Thus, if a creditor such as Nationwide establishes that it falls within one of the provisions of ·§ 547(c), it should prevail in a preference action brought against it.

Here, it is obvious on the face of the Debtor's complaint that Nationwide has a defense under § 547(c)(7), which was added to the Code as part of the Consumer Credit Amendments within the Bankruptcy Amendments and Federal Judgeship Act of 1984. Section 547(c)(7) provides an exception to avoidability "if, in a case filed by an individual debtor whose debts are primarily

consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600." The Debtor, an individual, alleges a transfer of $497.00 to Nationwide; if the Debtor's debts are primarily consumer debts, all elements of the § 547(c)(7) exception would appear to be present.

The Debtor apparently anticipates that § 547(c)(7) may apply to this proceeding, as he devotes a portion of his complaint to a rebuttal of that proposition. The Debtor maintains that his debts are not primarily consumer debts, as the greater amount of his indebtedness is secured by a mortgage on his home.[2] As support for this argument, the Debtor cites a statement made in the House and Senate prior to the enactment of the Bankruptcy Reform Act of 1978, to the effect that debt secured by real property is not consumer debt. 124 Cong.Rec. H11090 (daily ed., Sept. 28, 1978); 517 406 (daily ed., Oct. 6, 1978). Hence, under the Debtor's interpretation, this is not the type of indebtedness described in § 547(c)(7). Thus, the Debtor argues that § 547(c)(7) does not provide a defense to this action.

■ Section 101(7) defines "consumer debt" as "debt incurred by an individual primarily for a personal, family or household purpose." Nothing in that definition requires the exclusion of a debt secured by real estate. Moreover, notwithstanding the legislative history relied upon by Debtor, it affirmatively appears from the Code that Congress understood and intended that consumer debt might be secured by real estate. Section 524(c)(6)(B) provides that court approval is not required of an agreement reaffirming a debt "to the extent that such debt is a consumer debt secured by real property." If a debt secured by real property could never be a consumer debt, that provision would make no sense.

---

1. Unless otherwise noted, all statutory references are to the current version of the Bankruptcy Code (the "Code").

2. The Debtor has scheduled debts having a total of $91,800. As of the commencement of this case, the principal balance plus arrearage on the first mortgage on the Debtor's home totalled

$64,000. Since the Debtor states that his non-consumer debts total $64,000, the Debtor seemingly classifies the remaining $17,800 of his debts as consumer debts. If debt secured by the first mortgage were classified as consumer debts, 100% of the Debtor's indebtedness would be consumer debts.

The Debtor's construction of Section 547(c)(7) was squarely rejected in *In re Kelly,* 841 F.2d 908 (9th Cir.1988) (Westlaw 1988 WL 16097), which held that consumer debt may include debt secured by real estate. As that court said, "the statutory scheme so clearly contemplates that consumer debt include debt secured by real property that there is no room left for any other conclusion." It is the Court's obligation to enforce the law, not the legislative history. Where the Code is as clear as it is here, reliance on contrary legislative history "stands the process of statutory interpretation on its head." *Kelly.*

Consequently, the strong likelihood of an affirmative defense under § 547(c)(7) is apparent on the face of the Debtor's complaint. But that does not end our inquiry. "Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case." *Wright and Miller,* Federal Practice and Procedure: Civil § 1278 (1969). To refuse to grant a default judgment because of an unpleaded affirmative defense would be to shift the burden of pleading and proof from the defendant to the plaintiff. Nevertheless, because of the particular characteristics of the affirmative defense involved in this case, that is what this Court will do.

■ A default judgment, even where an order of default has been entered, is not a matter of right. *Finch v. Big Chief Drilling Company,* 56 F.R.D. 456, 458 (E.D. Tex.1972). Whether a default judgment should be entered is a matter resting in the sound discretion of the trial judge. *Duling v. Markun,* 231 F.2d 833, 836 (7th Cir. 1956), *cert. denied,* 352 U.S. 870, 77 S.Ct. 96, 98, 1 L.Ed.2d 76, 77 (1956). One of the factors the Court may consider in exercising its discretion is whether entry of the default judgment will result in injustice. 56 F.R.D. at 458. Injustice may be done where there is a valid defense to a plaintiff's claim and, were it not for the defendant's default, the proceeding probably would have had a different result. *Atlantic Dredging and Construction Company v. Nashville Bridge Company,* 57 F.2d 519, 521 (5th Cir.1932). Defaults are also disfavored in actions where public issues are implicated. *Wilson v. Winstead,* 84 F.R.D. 218, 219 (E.D.Tenn.1979).

■ The circumstances of this case are such that a default judgment is inappropriate. As stated previously, Nationwide's defense under § 547(c)(7) is apparent on the face of the Debtor's complaint. A default judgment would be unjust if the Debtor were allowed to prevail on an invalid claim. More important, though, an issue of public importance is involved, since the entry of a default judgment would severely undercut the policy underlying § 547(c)(7).

Section 547(c)(7) "clearly and unambiguously expresses Congress's intent to permit relatively small transfers of the debtor's property before the filing of the bankruptcy petition to stand regardless of whether they have the effect of preferring one creditor over another." *In re Johnson,* 53 B.R. 919, 921 (Bankr.N.D.Ill.1985). The section applies to all proceedings under § 547, regardless of whether a standing trustee or debtor brings the action and regardless of whether the property to be recovered will be exempt. *Id.* Thus, where an individual having primarily consumer debts makes a payment of less than $600 on a debt, that transfer generally cannot be avoided as preferential.

Congressional purpose might easily be frustrated, however, if debtors were routinely granted default judgments in cases where their own complaints evidence a defense under § 547(c)(7). (Any complaint for less than $600 in a case involving an individual debtor would indicate the potential existence of such a defense.) Since transfers subject to § 547(c)(7) are, by definition, less than $600 in amount, a defendant creditor might, with good reason, believe that to suffer and pay a default judgment would be less costly than to defend the action. Where the creditor makes this decision not to defend, a recovery under a default judgment would permit recovery of an otherwise unavoidable preference, and § 547(c)(7)'s exception to avoidability would have no effect. Ironically, the Congressional decision that small preferences should remain undisturbed would be under-

72

cut by the economic reality that small cases are often not worth defending.

In order to avoid a result which would defeat Congressional intent, the Court will exercise its discretion to deny the Debtor's motion for a default judgment. While we do not condone Nationwide's failure to defend this action, the circumstances of this case make a default judgment inappropriate.

Of course this opinion does not mean that a debtor or standing trustee would never be entitled to a default judgment in a proceeding involving less than $600. But where the complaint shows that the debtor is an individual and the preferential transfer was less than $600, the plaintiff should be prepared to provide an affidavit or other evidence satisfactory to the court that the debtor's debts are not primarily consumer debts, as defined in Section 101(7) and *Kelly*. This procedure does shift the burden of proof on an affirmative defense to the plaintiff. But the facts required—the nature of the debtor's debts—should be within the plaintiff's knowledge if the plaintiff is the debtor, or, if the plaintiff is a trustee, readily ascertainable. The burden, therefore, should not be great.

In this case, it strongly appears from the complaint that the Debtor's allegation that his debts are not primarily consumer debts is based entirely on his mistaken view that debt secured by real estate cannot be consumer debt. The Court, however, will allow the plaintiff fourteen days to file an affidavit establishing that, applying the correct definition of consumer debt, his debts are not primarily consumer debts. If the plaintiff does not file such an affidavit, the complaint will be dismissed.

FOR THESE REASONS, IT IS ORDERED that the Debtor's motion for a default judgment is denied. IT IS FURTHER ORDERED that the complaint will be dismissed unless plaintiff files within fourteen days an affidavit showing that his debts are not primarily consumer debts.