**CATERPILLAR FINANCIAL SERVICES CORPORATION, Plaintiff,**

v.

**Miss LINDSEY, in rem, Corrie Dominy, in personam and Regina Dominy, in personam, Defendants.**

**Civ.A. No. H–02–2919.**

United States District Court, S.D. Texas, Houston Division.

March 4, 2003.

**146**

Joel W. Mohrman, McGlinchey Stafford, Houston, TX, for Caterpillar Financial Services Corporation.

## MEMORANDUM AND ORDER

HOYT, District Judge.

Having conducted a review of the materials on file in this matter, and noting that no objections to the Memorandum and Recommendations [Doc. # 20] have been filed, this Court finds that the Memorandum and Recommendations are well founded. It is, therefore,

**ORDERED** that the Memorandum and Recommendations [Doc. # 20] are adopted as this Court's Memorandum and Order. Further, it is

**ORDERED** that each of the Defendants is found to have failed to answer the claims of Plaintiff and, accordingly, are in default. Additionally, it is

**ORDERED** that the Clerk of Court shall enter a Judgment of Default against the Defendants and in favor of the Plaintiff in this matter.

Finally, it is

**ORDERED** that this matter is **DISMISSED with prejudice** from the Court's docket.

### *DEFAULT JUDGMENT*

On this date the Court considered Plaintiff Caterpillar Financial Services Corporation's Motion for Default Judgment against Defendant Corrie Dominy and Regina Dominy. Having considered the motion, submissions and the applicable law, the Court determines that the motion should be granted.

Plaintiff filed its Verified Complaint on July 31, 2002. On July 31, 2002, summonses were issued for Corrie Dominy and Regina Dominy. Corrie Dominy and Regina Dominy were properly served with the summonses and a copy of Plaintiff's complaint. On August 6, 2002, Corrie Dominy and Regina Dominy were personally served at N. 12th Street, Palacios, Texas 77465. Services were received by Corrie Dominy and Regina Dominy, and the Returns of Service, signed by the server, were received by the United States District Clerk for the Southern District of Texas, all in accordance with the Federal Rule of Civil Procedure 4(h)(1), (e)(2). The summonses and proofs of service are on file with the Clerk. Neither Corrie Dominy nor Regina Dominy have not filed an answer or any pleading constituting an answer and have not entered an appearance. In addition, although served with a copy of the Motion for Judgment by Default, neither responded. Therefore, based on the foregoing, the Court hereby

ORDERS that the Motion for Judgment by Default against Defendant Corrie Dominy is GRANTED;

ORDERS that the Motion for Judgment by Default against Defendant Regina Dominy is GRANTED;

ORDERS that Plaintiff Caterpillar Financial Services Corporation recover of and from Defendants Corrie Dominy and Regina Dominy, jointly and severally, the following:

A. liquidated damages in the amount of $515,592.00, plus additional accrued interest;

B. attorneys' fees in the amount of $10,113.64, together with the award of such additional attorneys' fees as may be proven at the time of trial in the event of a motion for new trial, an appeal to the Court of Appeals and in the event of a subsequent petition for review to the Supreme Court;

C. all costs of court expended by Caterpillar;

D. pre-judgment and post-judgment interest on the total amount of the judgment at the highest rate allowed at law or in equity from the date of

judgment until paid, save and except that portion of the judgment awarded in respect of attorneys' fees in the event of a motion for new trial, an appeal and/or a petition for review; and,

E. such other and further relief, special or general, legal or equitable, as Caterpillar may be shown justly entitled to receive.

## MEMORANDUM AND RECOMMENDATIONS

Plaintiff Caterpillar Financial Services Corporation ("Caterpillar") moves, pursuant to Rule 55(a), Fed.R.Civ.P., for Entry of a finding of Default and Default Judgment (Entry # 17) against the Defendants, a vessel, Miss Lindsey, *in rem;* the vessel's owner, Corrie Dominy, *in personam;* and, a guarantor of a Mortgage and Note securing payment of the vessel, Regina Dominy, *in personam* (collectively referred to as "the Dominys"). See *Plaintiff's Request for Entry of Default and Default Judgment* (Entry # 17). Caterpillar maintains that despite service upon the Dominys, they have failed to file an Answer to its Complaint or otherwise respond to the allegations contained therein. See *id.* Caterpillar, therefore, requests a finding of default and entry of a Default Judgment in its favor. *Id.*

## FACTS

### Factual and Procedural Background

Caterpillar, a corporation providing financial services and located in Nashville, Tennessee, filed its Complaint on July 31, 2002, seeking enforcement of a maritime lien against the Dominys. *See* Complaint (Entry # 1). Caterpillar maintains that it owns and holds a Preferred Ship Mortgage and Note executed by Corrie Dominy on January 7, 2001, securing payment in the amount of five hundred twenty-five thousand dollars ($525,-000.00), for the sale of the vessel, Miss Lindsey, her engines, tackle, apparel, *etc., in rem. See* Exhibit C attached to Plaintiff's Request for Entry of Default and Default Judgment (Entry # 17). Further, Caterpillar contends that Regina Dominy, on that same day, Janu-

ary 7, 2001, executed in its favor, an agreement to guarantee payment of the amount due and owing Caterpillar as a consequence of the default of Corrie. *See* Exhibit D, *id.* Nonetheless, since April of 2002, the Dominys have failed to pay the amount due and owing on the mortgage of the vessel and currently owe the principal amount of five hundred fifteen thousand five hundred ninety-two dollars ($515, 592.00). *See* Complaint (Entry # 1).

Caterpillar filed its lawsuit on July 31, 2002, invoking the Court's diversity and admiralty jurisdiction, to seek enforcement of its alleged maritime lien against the Dominys. *Id.* Caterpillar now contends that it caused the valid service and return of process upon the Dominys, both residents of Palacios, Texas, and provides proof that Corrie was personally served on August 6, 2002, and Regina was personally served on July 31, 2002. *See* Exhibits A and B, Plaintiff's Request for Entry of Default and Default Judgment (Entry # 17). Defendants have, thus far, failed to file an answer to Caterpillar's claims. Caterpillar, therefore, maintains that the Dominys have defaulted and seeks a finding of default against the Dominys and enforcement of its alleged maritime lien through entry of a Default Judgment in the amount of five hundred fifteen thousand five hundred ninety-two dollars ($515,592.00), together with interest, costs and attorneys fees. See *id.*

## ANALYSIS

### Standard of Review—The Motion for Default Judgment

 The purpose of a default judgment, is merely to allow the courts to manage their dockets efficiently and effectively. See *Merrill Lynch Mortgage Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir.1990). A party is subject to a Rule 55 motion for default judgment when it fails to plead or otherwise respond to a Complaint within the required time period. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996). A response, in order to avoid a failure to appear, however, and subsequent default, need only be an indication of intent to pursue a defense. *Id.* at 142;

*United States v. McCoy,* 954 F.2d 1000, 1003 (5th Cir.1992).

■■■ Defendants, by their default, admit the well plead allegations of fact, except those relating to the amount of damages; and, generally, a judgment by default is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded. See *Jackson v. FIE Corp.,* 302 F.3d 515, 525 n. 29 (5th Cir.2002), *reh. denied* (relying upon *10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE* § 2688 at 58–59 & n. 5 (3d ed.1998)). A party is not entitled to entry of default judgment as a matter of right, even if the defending party is technically in default. *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001); *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir.1996); *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir.1977). Defaults are left to the sound discretion of the Court and must be supported by affidavit, proof that notice was provided and *indicia* of a failure to appear. See *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir.1998); *New York Life Ins. Co. v. Brown,* 84 F.3d at 141; see also *Bavouset v. Shaw's of San Francisco,* 43 F.R.D. 296, 297 (S.D.Tex.1967). Default judgments are not favored. *Harper Macleod Solicitors v. Keaty & Keaty,* 260 F.3d 389, 393 (5th Cir.2001); *Lewis v. Lynn,* 236 F.3d at 767; *Lindsey v. Prive Corp.,* 161 F.3d at 893. In determining whether to enter a judgment of default the court may consider whether material issues of fact exist; substantial prejudice will result; grounds for default are clearly established; and, whether there exists of a good faith mistake or excusable neglect that resulted in the default. *Id.* Any doubt, however, as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. See *id.; Davis v. Parkhill–Goodloe Co., Inc.,* 302 F.2d 489, 495 (5th Cir.1962).

## DISCUSSION

■■■ A review of the exhibits offered to support Caterpillar's request for a finding of default against the Dominys, reflects that service of process was secured through the effectuation of personal service upon the Dominys. See Exhibits A and B, Plaintiff's Request for Default and Entry of Default Judgment (Entry # 17). Further, the allegations of fact supporting Caterpillar's claim to a valid maritime lien against the vessel and in its favor, are sworn to by Chris Johnson, Remarketing Sales Representative for the Marine Division of Caterpillar. *See* Exhibit E, Plaintiff's Complaint (Entry # 1). As importantly, it is clear that the Dominys have, despite knowledge of the claims against them, failed to answer or otherwise respond to Caterpillar's allegation that they failed to comply with a mortgage, promissory or guarantee agreements, allowing Caterpillar an enforceable maritime lien against the vessel on the occasion of the Dominys' default in payment. *See* Plaintiff's Request for Default and Entry of Default Judgment (Entry # 17). The Dominys' default is, therefore, an admission to those facts supporting the enforcement of Caterpillar's maritime lien. See *Jackson v. FIE Corp.,* 302 F.3d at 525 n. 29.

## CONCLUSION

Caterpillar has provided the *indicia* of default necessary to secure a finding of default and entry of judgment of default. It is, therefore,

**RECOMMENDED** that Caterpillar's Request for Entry of Default and Default Judgment (Entry # 17) be **GRANTED** and that the Dominy's be found in default. Further, it is

**RECOMMENDED** that Default Judgment be entered in Caterpillar's favor.

The Clerk of Court shall file this Memorandum and Recommendations and provide the parties with a true copy. The failure to file written objections to the proposed findings and recommendations within ten (10) days of the entry of this Memorandum and Recommendations, may bar an aggrieved party, except upon grounds of plain error, from attacking the proposed factual findings and legal conclusions, on appeal. See *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir.2000); *Douglass v. United Services Automobile Assoc.,* 79 F.3d 1415, 1424 (5th Cir. 1996)(*en banc*); see also *Crawford v. Falcon*

*Drilling Co., Inc.,* 131 F.3d 1120, 1123–24 (5th Cir.1997).