# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50178
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2025

Lyle W. Cayce
Clerk

Rogelio Gonzalez, Jr.,

*Plaintiff—Appellant*,

*versus*

Julio Carmona, *#3594*; Peter Torres, *#3297*; Juan Palafox, *#3347*; Adrian Castro, *#2892*; Mario Chaires, *Sergeant #1739*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CV-333

---

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Rogelio Gonzalez, Jr., a litigant proceeding *pro se*, appeals the district court's order granting Defendants leave to file their responsive pleadings out of time and denying his motion for default judgment as moot. Gonzalez sued five El Paso Police Department officers under 42 U.S.C. § 1983. He alleged that Officers Julio Carmona and Juan Palafox used excessive force against

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

him during a September 2023 traffic stop, and that three other officers—Peter Torres, Adrian Castro, and Sergeant Mario Chaires—also engaged in related misconduct.

Gonzalez filed his complaint on September 17, 2024, and served each Defendant later that month. No Defendant answered within twenty-one days, so Gonzalez moved for default judgment on November 25th. Before the district court ruled, counsel for Defendants appeared and moved under Federal Rule of Civil Procedure 6(b) for leave to respond out of time. They explained that each officer had forwarded the suit papers to the El Paso City Attorney's Office but, because Gonzalez had previously filed an earlier, then-dismissed lawsuit arising from the same incident, the officers mistakenly referenced the earlier case number, causing the new complaint to go unnoticed. The Defendants sought leave as soon as they discovered the error in response to Gonzalez's motion for default. The district court granted the Defendants' motions, denied Gonzalez's motion for default judgment as moot, and later dismissed the complaint without prejudice on Rule 12(b)(6) grounds.[1]

We review the district court's decision to allow the late filings, and the resulting denial of default judgment, for abuse of discretion. *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021); *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Under Rule 6(b), a court may extend the time to respond, even after the deadline has expired, on a showing of "excusable neglect," which depends on the danger of prejudice to the plaintiff, the length and impact of the delay, the reason for the delay and whether it was within the movant's control, and whether the movant acted

---

[1] Gonzalez did not respond to Defendants' Rule 12(b)(6) motions below, nor does he challenge the district court's grant of those motions on appeal.

in good faith. *U.S. Bank Tr. Nat'l Ass'n v. Walden*, 124 F.4th 314, 321 (5th Cir. 2024) (citing *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995)).

On this record, we cannot say the district court abused its discretion. Gonzalez was not prejudiced; as we have explained, even "setting aside a default [does] no harm to [a] plaintiff except to require [him] to prove [his] case," and "mere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). The delay here was brief and promptly corrected once Defendants' counsel realized, in good faith, that the complaint had been mistaken for Gonzalez's earlier, near-identical lawsuit. Finally, Gonzalez's assertion that he is entitled to default judgment ignores that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis*, 236 F.3d at 767 (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

AFFIRMED.