**JAMES ELECTRIC COMPANY, Plaintiff,**

**v.**

**COUGAR ENTERPRISES, INC., et al., Defendants.**

**Civ. A. No. 85–2761.**

United States District Court, District of Columbia.

Jan. 28, 1986.

Caryl R. Sandler, Douglas L. Patin, Richard J. Raeon, Braude, Margulies, Sacks & Rephan, Washington, D.C., for plaintiff.

Edward Graham Gallagher, Washington, D.C., for defendant Reliance.

Joyce L. Evans, Washington, D.C., for defendant Cougar.

## MEMORANDUM ORDER

FLANNERY, District Judge.

This matter comes before the court on defendant Cougar Enterprise's ("Cougar") motion to set aside the default and default judgment that have been entered against it.

Defendant Cougar entered into a contract with the United States to perform certain construction work at a project designated as the Potomac Annex Building. Defendant Reliance Insurance Company ("Reliance") supplied the payment bond for the project pursuant to the requirements of the Miller Act. 40 U.S.C. § 270(a) et seq. Plaintiff James Electric Company entered into a subcontract with Cougar to provide electrical labor, equipment and supplies for the project. The amount of the original contract was $72,000.

On August 8, 1985, plaintiff filed suit in this court. Plaintiff alleges that it adequately supplied electrical labor, equipment, and supplies for construction work for the project, but defendant Cougar improperly terminated the subcontract prior its completion.

Defendant Reliance answered the complaint on September 25, 1985 and cross-claimed against defendant Cougar. Defendant Cougar failed to answer the complaint or the cross-claim and the Clerk of the Court entered a default against Cougar on October 17, 1985.

After plaintiff moved for a default judgment, this court entered such a judgment on December 11, 1985, for $38,893.76 plus 6% interest from May 20, 1985 until the date of the court's order.

On December 18, 1985, Cougar moved to set aside the default and default judgment against it pursuant to Rule 55(c) and Rule 60(b) of Federal Rules of Civil Procedure. The President of Cougar Julio G. Puma states in a sworn affidavit that he initially believed Reliance was representing its interest in the action and therefore did not hire counsel. Consequently, Cougar did not understand the necessity for filing a separate answer nor the consequences for not filing a counterclaim. Mr. Puma then made efforts to retain counsel but did not fully comprehend the urgency of the matter. Cougar now wishes to file an answer and counterclaim. Cougar argues that it has a valid defense to plaintiff's claim in that plaintiff breached its contract with Cougar. Plaintiff will not be prejudiced by setting aside the default judgment because plaintiff will have to prove its case against Reliance anyway; indeed the same facts that will be necessary to support Reliance's counterclaim will also support Cougar's counterclaim and affirmative defense. Cougar is in receipt of this court's pretrial order and is willing to comply with it and the dates set for trial and pretrial by this court.

Plaintiff objects to Cougar's motion by arguing that Cougar's neglect was willful. As plaintiff sees it, Cougar must have known what was going on in this action; its motion comes three months after the complaint was filed and two months after the default was entered.

Generally, default judgments are looked upon with disfavor by courts. *Jackson v.*

*Beech,* 636 F.2d 831, 835 (D.C.Cir.1980), since it is inherently more fair to reach a decision on the merits. Therefore, this court finds that Cougar has met the good cause standard of Rule 55(c) in its motion to set aside an entry of default. Cougar's failure to respond appears not to have been willful, but rather an unintentional mistake. Since the same facts and circumstances concerning Cougar must be tried in a suit against Reliance, plaintiff cannot argue that it will suffer any significant prejudice. Indeed, the prejudice to plaintiff can largely be ameliorated by requiring Cougar to pay the costs incurred by plaintiff in obtaining the default and default judgment. Cougar has shown that it may have a meritorious defense and it is usually preferable to reach a decision on the merits against any party, especially where a meritorious defense may exist.

Therefore, upon consideration of defendant Cougar's motion, the opposition thereto, and the entire record herein, it is, by the court, this day of January, 1986,

ORDERED that defendant Cougar's motion to set aside the default entered on October 17, 1985 and the default judgment entered on December 11, 1985 is granted; and it is further

ORDERED that the answer and counterclaim of defendant Cougar be filed by the Clerk of the Court; and it is further

ORDERED that plaintiff may submit to the court an itemized list of expenses in securing the default and default judgment against defendant Cougar no later than February 14, 1986; and it is further

ORDERED that a pretrial conference shall be held on March 6, 1986 at 4:00 p.m.; and it is further

ORDERED that trial shall commence on April 7, 1986 at 10:00 a.m.