DECISION
This is an appeal by plaintiffs-appellants, Marilyn V. Orth and the Estate of James A. Orth, deceased, from a judgment of the Franklin County Court of Common Pleas granting motions for relief from judgment filed by defendants, Harry Coder, Nancy Coder and Judy Arganbright.
On May 7, 1998, plaintiffs filed a complaint, naming as defendants Brian C. Inman, III, Joseph Otchy, Harry Coder, Nancy Coder, Success by Design Real Estate, Inc., Judy Arganbright and Annelies Gudatt. Plaintiffs' complaint alleged that, on April 29, 1997, the named defendants executed and delivered to plaintiffs a promissory note in the sum of $100,000, such note being due on demand and bearing interest at the rate of 15 percent per anum. It was further alleged that, on April 24, 1998, plaintiffs served a demand upon defendants to pay the note, but that defendants had failed and refused to pay the note. Plaintiffs sought judgment against defendants "jointly and severally" in the amount of $100,000, plus interest.
On July 16, 1998, plaintiffs filed a motion for default judgment against all the named defendants. In the motion, plaintiffs alleged that their complaint was filed against defendants on May 7, 1998, that service was obtained on May 19, 1998, but that defendants had not filed responsive pleadings or otherwise appeared in the action. By entry filed July 17, 1998, the trial court granted plaintiffs' motion for default judgment against all the named defendants.
On September 17, 1998, defendant Arganbright filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). In the accompanying memorandum in support, defendant Arganbright asserted that she did not file an answer because she believed and understood that she was liable for only her proportionate share of the $100,000 amount, and therefore she was prepared to suffer a judgment in that amount rather than litigate. Defendant Arganbright further contended that she received no consideration for signing the promissory note, and that the provision of the note that made each defendant "jointly and severally" liable was against public policy and constituted fraud on defendant Arganbright and the other defendants. Attached to the motion was the affidavit of defendant Arganbright. On September 24, 1998, plaintiffs filed a memorandum contra defendant Arganbright's motion for relief from judgment.
On October 29, 1998, defendants Harry Coder and Nancy Coder (collectively "defendants Coder") filed a motion for relief from judgment pursuant to Civ.R. 60(B). In their accompanying memorandum, defendants Coder asserted that they believed that an attorney, Theodore Saker, who had represented one or more of the other defendants in other, unrelated matters, was attempting to negotiate a settlement on behalf of all persons who had signed the promissory note. Defendants Coder contended that they would have filed an answer if they had not believed attorney Saker was representing their interests. Defendants also asserted that they took certain limited, affirmative actions, including approaching plaintiffs' counsel requesting a partial release of the judgment, and that they had a meritorious defense to plaintiffs' complaint. Both Harry Coder and Nancy Coder filed affidavits in support of their motion. On November 13, 1998, plaintiffs filed a memorandum contra defendants' motion for relief from judgment.
On February 11, 1999, the trial court filed a judgment entry granting the motions for relief from judgment filed by defendant Arganbright and defendants Coder. On February 19, 1999, plaintiffs filed a motion for reconsideration with the trial court. By decision filed March 17, 1999, the trial court granted plaintiffs' motion for reconsideration and also granted a request for a hearing on defendants' motions for relief from judgment.
On April 1, 1999, the trial court filed a decision sua sponte vacating the March 17, 1999 decision. In its decision, the trial court stated that plaintiffs' motion for reconsideration was "improvidently granted in the March 17, 1999 decision," and the court further held that "the February 11, 1999 decision is to be given effect." On April 12, 1999, the trial court filed an entry granting the motions for relief from judgment filed by defendant Arganbright and defendants Coder.
On appeal, plaintiffs set forth the following five assignments of error for review:
First Assignment of Error
 The Franklin County Court of Common Pleas erred and abused its discretion and acted contrary to law in granting Civ.R. 60(B) relief to Defendant Harry and Nancy Coder from the judgment entered against them on July 17, 1998 in the absence of either allegations or evidence establishing grounds for such relief from judgment.
Second Assignment of Error
 The Franklin County Court of Common Pleas erred and abused its discretion and acted contrary to law in granting Civ.R. 60(B) relief to Judy Arganbright from the judgment entered against them on July 17, 1998 in the absence of either allegations or evidence establishing grounds for such relief from judgment.
Third Assignment of Error
 The Franklin County Court of Common Pleas erred and abused its discretion and acted contrary to law in granting Civ.R. 60(B) relief to Defendants Harry and Nancy Coder from the judgment entered against them on July 17, 1998 without first conducting an evidentiary hearing affording Plaintiff-Appellant an opportunity to present evidence and cross-examine Defendants and their witnesses, if any, with respect to the alleged grounds for Civ. [R.] 60(B) relief from judgment.
Fourth Assignment of Error
 The Franklin County Court of Common Pleas erred and abused its discretion and acted contrary to law in granting Civ.R. 60(B) relief to Defendant Judy Arganbright from the judgment entered against them on July 17, 1998 without first conducting an evidentiary hearing affording Plaintiff-Appellant an opportunity to present evidence and cross-examine Defendants and their witnesses, if any, with respect to the alleged grounds for Civ. [R.] 60(B) relief from judgment.
Fifth Assignment of Error
 The Franklin County Court of Common Pleas erred and abused its discretion and acted contrary to law in finding the Civ.R. 60(B) motions for relief from judgment were timely filed in the absence of evidence demonstrating they were filed within a reasonable time.
Plaintiffs' first, second and fifth assignments of error are interrelated and will be considered together. Under these assignments of error, plaintiffs assert that the trial court erred in granting Civ.R. 60(B) relief to defendants Coder and Arganbright. Plaintiffs contend that neither the allegations nor the evidence established grounds for granting relief from judgment as to defendants, and plaintiffs also maintain that defendants failed to file their motions for relief from judgment in a timely manner.
A decision whether to grant a motion for relief from judgment is entrusted to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. The issue presented is whether the trial court abused its discretion in granting defendants' motions to set aside the court's entry of default judgment. Civ.R. 55(B) provides that, "[i]f a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." Civ.R. 60(B) states in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reserved or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,150-151, the Ohio Supreme Court construed the provisions of Civ.R. 60(B) in holding that, in order to prevail on a Civ.R. 60(B) motion the movant must demonstrate:
 * * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. * * *
In the present case, defendant Arganbright sought relief before the trial court on the basis of Civ.R. 60(B)(1) and (5). In her accompanying memorandum, defendant Arganbright argued that she, as well as the other six defendants named in the complaint, became involved in an investment operation run by an individual named Robert Parish. All the named defendants invested money with Parish who would then use the money to purchase real estate, renovate the property, and then attempt to resell the property at a profit. In April 1997, plaintiffs borrowed money from an individual named Robert Rucker, apparently because plaintiffs wanted to make an additional investment with Parish. Defendant Arganbright's memorandum further contended that, after plaintiffs borrowed the money from Rucker and apparently gave that money to Parish, plaintiffs then prepared the promissory note signed by all the named defendants in the instant action.
Defendant Arganbright filed an affidavit with her motion, asserting that she did not file an answer because she thought she would be liable, at most, for only a one-ninth share of the $100,000 note given to plaintiffs. Defendant averred that, "[h]ad I known that I could be liable for the entire $100,000 note, I certainly would not have signed the note, and I certainly would have filed an answer to the complaint." Defendant Arganbright further averred that "Nancy Coder told me to sign the note because the Orths had given Robert Parish some money and that all of the other defendants were going to sign the note." Defendant also stated that she "received no consideration of any kind for signing the $100,000 note to the Orths."
In their motion for relief from judgment, defendants Coder argued that it was their belief that they were investors in a business known as "Success by Design," and that it was their understanding that the business would build and sell houses. In the affidavit of defendant Nancy Coder, she averred that when Success by Design was unable to repay the promissory note, it was her understanding that an attorney, Theodore Saker, was negotiating with plaintiffs to avoid legal actions. She further averred that, "[a]lthough I did not directly pay Mr. Saker for legal representation, it was my understanding that he was trying to structure a workout for all persons who had signed the Promissory Note." Defendant asserted that she did not respond to the complaint because she thought Saker was attempting to settle the matter, and "[i]f I had been aware that Mr. Saker was not representing my husband or me, personally, or that a Judgment would be taken against us, I would have timely filed an Answer."
Defendant also averred that she and her husband made "at least one independent attempt" at a workout with plaintiffs' counsel involving a parcel of land owned by the Coders. Defendant averred that discussions were conducted in which she and her husband agreed with plaintiffs' counsel that proceeds from the sale would be applied toward the balance due on the promissory note if plaintiffs' counsel would provide a partial release from judgment, but that, prior to closing, defendants were notified that a partial release would not be provided. Defendant also stated that, less than two weeks ago, she contacted an attorney who attempted to negotiate a settlement, but when those efforts failed she requested the attorney file a motion to set aside the judgment. Defendant Harry Coder filed a similar affidavit in support.
At the outset, we note that plaintiffs do not contest the trial court's finding that defendants had a meritorious defense or claim to present; rather, plaintiffs challenge the court's findings that the actions of defendants constituted excusable neglect and that defendants filed their motions within a reasonable time. We will first consider the issue of timeliness.
For purposes of a motion seeking relief under Civ.R. 60(B)(1), (2) or (3), the motion may be filed within one year but it is still subject to the "reasonable time" proscription. Stickler v. Ed Breuer Co. (2000), Cuyahoga App. No. 75126. Further, the issue of "[w]hat constitutes `reasonable time' for filing the motion under Civ.R. 60(B) depends upon the facts of the case." Id.
The trial court noted in its decision that the motions by defendant Arganbright and defendants Coder were filed within two and four months, respectively, of the default judgment, and the court determined that this constituted a reasonable time. In Miami Sys., Corp. v. Dry Cleaning Computer Sys., Inc. (1993), 90 Ohio App.3d 181, 185, the court held that a Civ.R. 60(B) motion filed two months after the trial court entered default judgment is within a reasonable time. Under the circumstances of this case, we find no abuse of discretion by the trial court in finding that the motion of defendant Arganbright was filed within a reasonable time.
As noted, defendants Coders' motion was filed within four months after the entry of default judgment. In support of their motion, defendants Coder filed affidavits offering an explanation for their delay, i.e., their belief that an attorney was attempting to negotiate a workout on behalf of all individuals who signed the promissory note, and the assertion that Harry Coder attempted to negotiate a workout with plaintiffs' counsel. Based upon the explanation offered by defendants Coder for their delay, we conclude that the trial court did not abuse its discretion in finding that defendants' motion, filed slightly more than three months after the entry of default, was brought within a reasonable time. See, e.g., Student Loan Marketing Assoc. v. Karnavas (1993), Trumbull App. No. 92-T-4718 (appellant's filing of Civ.R. 60[B] motion within four months of entry of default judgment was within a reasonable time); Third Federal S. L. Assoc. v. Johnson (1995), Cuyahoga App. No. 68549 (motion for relief was timely brought within four months of judgment entry).
We next consider whether the trial court abused its discretion in finding that defendants Arganbright and Coder had shown "excusable neglect" under Civ.R. 60(B)(1). In Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20, the Ohio Supreme Court noted that the term "excusable neglect" is an "elusive concept," prompting the court to define it in the negative, stating that "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Id., quoting, GTE, supra. In discussing this concept, this court has previously held that "[i]nexcusable neglect does not necessarily mean that the party's disregard is intentional. However, the greater the degree of willfulness of the movant, the less likely it is that his conduct will be characterized as `excusable neglect.'" Mid-America Acceptance Co. v. Lightle (1989),63 Ohio App.3d 590, 607.
Regarding the claim by defendants Coder that they were under the belief that an attorney was attempting to structure a workout for all individuals signing the note, we find no abuse of discretion by the trial court in finding that defendants did not demonstrate a total disregard for the judicial system. Rather, the circumstances presented do not appear to indicate that defendants' failure to respond was "willful." James Electric Co. v. Cougar Enterprises, Inc. (D.C.D.C. 1986),111 F.R.D. 324, 326 (default judgment set aside where contractor's failure to respond was based upon belief that contractor's surety was representing contractor's interest in action and therefore contractor did not need to hire counsel). See, also, Whitman v. U.S. Lines, Inc. (D.C.Tex. 1980),88 F.R.D. 528, 530 (entry of default was due to excusable neglect where defendants had good faith belief that settlement negotiations were proceeding and that dispute could be resolved without resort to the courts); Standard Grate Bar Co. v. Defense Plant Corp. (D.C.Pa. 1944),3 F.R.D. 371, 372 (under circumstances in which defendant believed that one of other defendants in case arranged for counsel to represent interests of various defendants, neglect in failing to make appearance was excusable).
A more difficult issue is whether the trial court abused its discretion in finding that the actions of defendant Arganbright did not demonstrate a total disregard for the judicial system. As noted under the facts, defendant Arganbright asserted in her affidavit that she did not file an answer to the complaint because she did not understand that the "jointly and severally" language in the promissory note could potentially make her liable for the full amount of $100,000. We are cognizant of the view expressed by courts in general that the "[f]ailure to understand precise legal implications does not usually justify ignoring legal process." Ansec v. Marciano (1983), Cuyahoga App. No. 46836. See, also, Curry v. Bowers Constr. Inc. (2001), Summit App. No. 20287 (lack of familiarity with judicial system as a lay person not a decisive factor in determining excusable neglect where circumstances should have alerted one to the need to act promptly). However, the Ohio Supreme Court has also held that Civ.R. 60(B) is a "remedial rule to be liberally construed so that the ends of justice may be served." Kay, supra, at 20. Further, the law does not favor judgments by default, and "it is a basic tenet of Ohio Jurisprudence that cases should be decided whenever possible on their merits after giving all parties their day in court." Arrow Builders, Inc. v. Delawder (2000), Marion App. No. 9-2000-70.
In the instant case, defendant Arganbright faces a potential judgment against her in the amount of $100,000. Federal courts have observed that "[m]atters involving large sums [of money] should not be determined by default judgments if it can reasonably be avoided. * * * Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." United States v. Williams (D.C.Ark. 1952), 109 F. Supp. 456, 461, citing Henry v. Metropolitan Life Ins. Co. (D.C.Va. 1942), 3 F.R.D. 142, 144. See, also, Horn v. Intelectorn Corp. (S.D.N.Y. 1968), 294 F. Supp. 1153, 1155 ("Matters which involve large sums of money should not be determined by default judgments if it can reasonably be avoided"). While the circumstances involving defendant Arganbright's failure to file an answer present a case that, as aptly stated by one court, "teeters on the verge of inexcusable neglect unreasonably accepted by the trial court," we are constrained to find that, "regardless of whether we would have made the same decision," the trial court did not err in concluding that the conduct at issue constituted excusable neglect. WFMJ Television, Inc. v. ATT Federal Systems-CSC, Mahoning App. No. 01-CA-69, 2002-Ohio-3013, at ¶ 22. Here, we cannot conclude that the trial court abused its discretion in finding that the interests of justice would best be served by a trial on the merits.
Based upon the foregoing, plaintiffs' first, second and fifth assignments of error are overruled.
Plaintiffs' third and fourth assignments of error are interrelated and will be discussed together. Under these assignments of error, plaintiffs argue that the trial court erred in granting Civ.R. 60(B) relief to defendants Arganbright and Coder without first conducting an evidentiary hearing to afford plaintiffs an opportunity to present evidence and to cross-examine defendants regarding the alleged grounds for relief. We disagree.
In U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293, 294, this court held that a trial court has discretion whether to hold a hearing before ruling on a Civ.R. 60(B) motion, and "[w]here grounds for relief from judgment appear on the face of the record, a court may grant the motion without a hearing." See, also, Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, syllabus ("a trial court does not abuse its discretion if it grants the Civ.R. 60(B)(1) motion to vacate a judgment without first holding an evidentiary hearing on the Civ.R. 60(B)(1) issue." In the present case, we conclude that, based upon the record before the trial court, including the affidavits submitted in support of the Civ.R. 60(B) motions, the trial court did not abuse its discretion in granting Civ.R. 60(B) relief without holding an evidentiary hearing.
Accordingly, plaintiffs' third and fourth assignments of error are without merit and are overruled.
Based upon the foregoing, plaintiffs' five assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
TYACK, P.J., and LAZARUS, J., concur.